[Civ. No. 23056.   First Dist., Div. Two.   May 6, 1966.]

PAUL RENDLEMAN, Petitioner. v. INDUSTRIAL ACCIDENT COMMISSION, STATE OF CALIFORNIA CORRECTIONAL FACILITY AT SOLEDAD et al., Respondents.

Muller, Pia & Simmons and Robert J. Pia for Petitioner.

Everett A. Corten, Charles W. Decker, Sheldon C. St. Clair, T. Groezinger, Loton Wells and David Green for Respondents.

AGEE, J.—Petitioner's application for workmen's compensation benefits was denied by the commission on the ground that his claim therefor is barred by the one-year limitation statute. (Lab. Code, § 5405.)

As provided therein, this period commences to run from (a) the date of injury, *or* (b) from the expiration date of any period covered by disability payments, *or* (c) from the date of the last furnishing of medical or hospital treatment. Thus there are three *alternative* dates for the commencement of the period. (*Colonial Ins. Co.* v. *Industrial Acc. Com.*, 27 Cal.2d 437, 441 [164 P.2d 490].)

Here the injury occurred on July 20, 1962, and the application was not filed until September 23, 1964. Therefore, the *determinative issue* before us is whether there is substantial evidence to support the commission's finding that the employer "did not furnish medical care or pay compensation" within the meaning of either subdivision (b) or subdivision (c) of section 5405.

Petitioner is employed by the State of California as a correctional officer at Soledad, a state prison. On July 20, 1962, while attempting to wrest an iron bar from an inmate, petitioner fell heavily to the floor with the inmate on top of him. He felt immediate pain in his back. This lasted for six to eight weeks and continued thereafter intermittently.

However, petitioner did not seek medical attention until about nine months later. He was hospitalized from May 19 to 26, 1963, during which period he was put in traction and given physiotherapy and diathermy treatments. He was again hospitalized from September 11 to 20, 1963. He returned to the hospital on September 29 and underwent back surgery on October 3, 1963.

Petitioner was paid full wages during the entire period from his first hospitalization on May 19, 1963 to his return to work on February 17, 1964.

It is his contention that such payments constituted disability payments within the meaning of subdivision (b) of section 5405. He points out that his application was filed well within one year after February 17, 1964.

Preliminarily, we note that while Labor Code section

5400 requires service upon the employer of a written notice of injury within 30 days after its occurrence, section 5402 of the same code provides that "Knowledge of such injury, obtained from any source, on the part of an employer, his managing agent, superintendent, foreman, or other person in authority, . . . is equivalent to service under section 5400."

William G. Black, the Associate Superintendent of Custody, was petitioner's superior officer and, in our opinion, he comes within the class of persons designated in section 5402. He was an eyewitness to the altercation described above and had come to petitioner's assistance. In early May 1963, when petitioner told Black that his back was getting worse and that he was going into the hospital for treatment, Black expressed the opinion that his condition was caused by "that wrestling match you had with [inmate] Yates."

Respective counsel stipulated at the hearing that Black, if called as a witness, would corroborate petitioner's testimony as to the above facts.

Under this undisputed evidence we hold, as a matter of law, that the employer had sufficient knowledge of said injury within the requirement of section 5402.

On November 7, 1963, the business manager of Soledad wrote to the State Compensation Insurance Fund concerning petitioner's last hospitalization, as follows: "I was informed of Captain Rendleman's belief that this injury was work connected approximately a month ago, but felt that inasmuch as he was about to be discharged from the hospital it would be better not to complicate the payment of this bill by raising the question of whether it was a compensation case or not. I suggested that it be submitted as an insurance claim since adjustment with the insurance company undoubtedly can be made if it is eventually found that this case is eligible for State Compensation Insurance."

There is thus no contradiction in the record that, by at least early October 1963, the employer was *fully aware* that petitioner was *claiming* that his back injury was work-connected. Nevertheless, as stated above, the employer continued to pay petitioner his full wages for the remaining four months of the period during which he was totally disabled.

As to whether such payments toll the statute of limitations, the first appellate court decision on the point is *London Guar. & Acc. Co.* v. *Industrial Acc. Com.* (1928) 92 Cal.App. 298 [268 P. 670]. There one Read, a student at the University of California, bruised his left knee while engaged in part time

employment at a soda fountain. This occurred on August 17, 1926. At the time he considered the injury slight but, when it did not improve, he applied to the university infirmary, as a student, for medical treatment. It was later determined that an operation was necessary and he "so notified his superior, who already knew of Read's injury and of the medical treatment he had been receiving at the infirmary, . . ."

However, the employer's insurance carrier was not notified of such injury until January 24, 1927. The operation on Read was performed on February 2 and he was not discharged from the hospital until February 23, 1927, at which time he returned to work.

Read's medical treatment at the infirmary was furnished to him as a student at the university without cost, but the surgery, X-rays and certain other items were not.

On March 12, 1927 Read filed an application with the Industrial Accident Commission for an adjustment of his claim. No claim was made for loss of time because Read's wages had been constantly paid, even while he was totally disabled in the hospital. The insurance carrier denied that the condition of Read's knee was the result of the injury and that in any event it was relieved from all liability because he had not filed his claim within the period fixed by the statute of limitations, which was then only six months.[1]

The commission awarded the amount necessary to satisfy the medical expenses not covered by the university for its students. The insurance carrier sought to annul the award by petition for review.

The appellate court affirmed the award, stating: "Under the provisions of section 11 (c) of the Workmen's Compensation Act the payment of compensation shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the last payment; and, as stated, the evidence here shows without dispute that while Read was totally disabled in the hospital his wages were being constantly paid by his employer. We are of the opinion that the payment of such wages, under the circumstances above related, constituted the payment of compensation for the injury; and that, therefore, since Read's application was filed within six months after the last payment of such compensation, his claim was not barred by the statute of limitations." (92 Cal.App. at pp. 300-301.)

---

[1]Statute amended in 1947 to increase period to one year.

In *Bulger* v. *Industrial Acc. Com.* (1933) 218 Cal. 716 [24 P.2d 796], the employee, Bulger, was injured on July 28, 1931. Although he told two fellow-employees about the injury at the time, he made no formal report to his employer because he did not then regard the injury as serious. He laid off work 10 days later because of increasing pain and never performed any services for his employer thereafter. The company's physician diagnosed Bulger's condition as rheumatic endocarditis, not employment-connected.

On July 25, 1932 Bulger filed an application with the Industrial Accident Commission for an adjustment of his claim. This was more than six months after the injury and, under the then statutory period of limitations, his claim was barred unless such period was tolled.

Bulger's employer had been carrying him on half salary, the last payment thereof being made on February 6, 1932. This was within six months prior to the filing of the application and the then statute provided that payment of compensation had the effect of extending the limitation period for such filing six months from the date of the last payment.

Our Supreme Court expressly approved the *London* case, stating that: "In the instant case the commissioner did not consider the question as to whether or not the illness which afflicted petitioner was the result of compensable injury. If, as a matter of fact, it should prove to be such, the statute of limitations would not, under the decisions of the commission and the decisions of the reviewing courts of this state, bar petitioner's claim, as the application for the adjustment of his claim was filed within six months after said last payment." (P. 724.)

In *Morrison* v. *Industrial Acc. Com.* (1938) 29 Cal.App.2d 528 [85 P.2d 186], the employee filed his application for adjustment of claim on October 18, 1935. The commission found that he knew in August 1934 that he had a compensable disability (silicosis) directly traceable to his employment as a miner and held that his claim was barred by the statute of limitations.

The court accepted this finding as to the employee's knowledge of his compensable disability because it was supported by substantial evidence but nevertheless annulled the commission's order on the authority of the *London* and *Bulger* decisions, *supra*.

The court said, at page 534: "We are convinced the record contains no substantial evidence to support the finding of the

commission that the petitioners' claim is barred by the statute of limitations. On the contrary, the evidence is uncontradicted, that Mr. Morrison, while he was on sick leave in the month of July, 1935, was paid by The Original Sixteen to One Mining Company his full wages in the sum of $80, and that during the month of August, 1935, while he was on sick leave, he was paid his full wages to the 17th of that month, in the total sum of $85. Since the employer mining company had full knowledge of the fact that the claimant was afflicted with silicosis incurred in its mine in the course of his employment, from February 1935, and that he was completely disabled from performing his service in July and August of that year, prior to the times these payments were made, the last-mentioned payments, under uniform authorities of California, are deemed to constitute the payment of compensation for his injury which has the effect of tolling the statute of limitations, and his claim is, therefore, not barred. [Numerous citations.]''

In conclusion the court stated, at page 537: ''The statute of limitations is a mere rule which limits the time within which a claim must be presented. It is adopted for the purpose of encouraging diligence and preventing injustice. It is a mere defense which may be waived, and should not become a trap to defeat just claims. The foregoing rule that the payment of compensation to a disabled workman under proper circumstances will toll the statute of limitations is fair and wholesome.''

Respondents attempt to distinguish the *London, Bulger,* and *Morrison* decisions on the ground that in the instant case the petitioner had accumulated sick leave sufficient to entitle him to full payment of wages during the entire period of disability, *regardless* of whether the disability was industrial or not. (Gov. Code, § 18100.)

Respondents argue that, because of this factor, petitioner was ''in no way misled'' into believing that the payments made to him were disability indemnity payments rather than payments of sick leave.

However, the significant statute here is Government Code section 18102. It is provided therein that a state employee who is entitled to temporary disability indemnity may elect to take as much of his accumulated sick leave as, when added to his disability indemnity, will result in payment to him of his full wages. It is further provided that when such accumulated leave is exhausted, ''he is still entitled to receive disability indemnity.''

Thus, petitioner had no reason to believe that the wages being paid him were not partly for disability indemnity and partly for sick leave.

We are of the opinion that in the instant case there is no substantial evidence to support the commission's finding that the employer did not pay compensation to petitioner within the meaning of subdivision (b) of Labor Code section 5405.

Our decision herein is limited to the single issue of whether the petitioner's claim for compensation is barred by the statute of limitations. We express no opinion as to the merits of the claim or any other issue in the case.

The order of the commission denying any compensation benefits on the ground of the bar of the statute of limitations is annulled, and the cause is remanded to the commission with directions to hear and determine the matter upon its merits.

Shoemaker, P. J., and Taylor, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied June 29, 1966.