[Civ. No. 31810. Second Dist., Div. Five. Jan. 24, 1968.]

LEONARD DE LUNA, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, WEST COAST MEAT COMPANY et al., Respondents.

Weinstein, Shelley & Proctor and Robert C. Proctor, Jr., for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Sheldon M. Ziff, Rupert A. Pedrin, T. Groezinger, Laton Wells and F. G. Loughrey for Respondents.

McCOY, J. pro tem.*—Applicant, a truck driver, born August 5, 1935, seeks review and annulment of an order of the Workmen's Compensation Appeals Board denying his claim for reimbursement for self-procured medical treatment and for temporary disability prior to 1966 on the ground that it is barred by the statute of limitations. He contends it is a claim for new and further disability and timely filed as required by Labor Code, section 5410.

It appears from the record that the applicant filed two separate claims alleging injury to his back, left leg and left hip. On October 4, 1966, he filed a claim alleging cumulative disability arising out of and in the course of his employment from July 1960 and thereafter. On November 2, 1966, he filed a claim alleging that he sustained a specific injury on July 16, 1962, based on an incident in which he was lifting a 100-pound box which slipped causing him to struggle with it and resulting in a sharp pain in the area of his hip. The cases were consolidated for hearing which was had on December 1, 1966.

Applicant testified as follows: In 1958 or 1959 he had an incident of severe pain in his back above the belt line but within a week the discomfort went away. He had no symptoms thereafter for at least three years before the incident of July 16, 1962. He testified that after the incident of 1962 he was given injections and treated for about a month by his own doctor and in the following six months he missed about three months' work. He was examined at the Veterans Administration Hospital in October 1962 and they could not find anything wrong with him. He returned to work November 1962 at the same job. He still had a constant ache in his back and pain in the left leg which extended from hip to ankle. From then on until September 1966 his discomfort got worse. Before June of 1966 he noticed that the toes on his left foot seemed to be falling to sleep. By June 1966 he could not move them. In July of 1966 his foot began to flop. In 1964 he was involved in an auto accident but his back and left leg were not affected.

On the claim for cumulative disability the referee made the

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

following pertinent findings: that applicant sustained injury to his back, left leg and left hip from July 1960 through October 20, 1966; that the injury caused temporary total disability beginning October 24, 1966, through the date of the hearing and thereafter; that the condition is not permanent and stationary; that temporary disability and the need for medical treatment were wholly caused by this injury; that defendants failed to furnish medical treatment after notice of need subsequent to October 4, 1966, and applicant incurred expense therefor; that there was no notice of need for medical treatment prior to October 4, 1966, and there was prejudice for lack of notice as to this treatment; that further medical treatment is required to cure and relieve from the effects of this injury. An award issued accordingly.

On the claim for specific injury on July 16, 1962, the referee found: that applicant sustained injury on said date; that the condition is not permanent and stationary; that his claim for "reimbursement for any self-procured medical treatment or temporary disability prior to 1966" was barred by the statute of limitations, but that his claim for further disability, temporary or permanent, or for medical treatment is not barred by Labor Code, section 5410. The referee ordered that applicant take nothing at that time and the issues of permanent disability and apportionment be placed off calendar.

The insurance carrier sought reconsideration of the award on the claim of specific injury. It contended that Labor Code, section 5410 did not extend the time for filing that claim because no benefits had ever been furnished to the petitioner and he had filed no original claim within one year after the alleged injury.

The evidence, without dispute, was that applicant complained to the dispatcher of the employer of pain after the incident of July 16, 1962; the dispatcher told him to see Dr. Rossibertolli; the doctor examined applicant and palpated his back. He took no X-rays. Considering his complaints nonindustrial, he advised him to see his personal physician. An officer of the employer testified that, although he was not directly notified by the applicant of the alleged injury, he knew of the incident through the doctor's report.

The board, by a majority vote, concluded that Dr. Rossibertolli's examination was not the furnishing of benefits sufficient to establish a basis for a claim for "new and further disability" within five years of injury under the provisions of Labor Code, section 5410. It therefore held that the claim

was barred and denied benefits. It found only that the applicant alleged an injury on July 16, 1962; it did not make a finding that he actually sustained injury on that date. In effect, it did not adjudicate that claim in any way except to find that it was barred.

Both the applicant and the board argue the question of whether the claim, based on the alleged injury of July 16, 1962, was barred under Labor Code, section 5410. ■■■ In our opinion the referee and the board proceeded on an incorrect legal theory in making separate findings and orders on each of the claims, in that they have ignored the rationale of the cumulative injury cases and have disregarded the fact that the specific incident of July 16, 1962, is but a part of the cumulative injury found to have been sustained by the applicant from July 1960 through October 20, 1966. While the applicant may file both a claim of specific injury and a claim of cumulative injury covering the same period of time, he may not have an award on both nor is disability, either temporary or permanent, to be apportioned between the two claims.

No reconsideration was sought of the award for cumulative injury. The referee's opinion on decision in reference to both cases states in part: "It was noted that Dr. Sher made an equal apportionment between the specific injury and the continuing trauma, however, he also suggests that the disability could be found permanent and stationary and it is believed that his apportionment was in this latter context, not that related to temporary disability and need for medical treatment." Apparently the prospect of an apportionment of permanent disability between the cumulative and specific injury at some later date has motivated the applicant to seek review of the denial of a separate award for the specific injury.

In *Beveridge* v. *Industrial Acc. Com.* (1959) 175 Cal.App. 2d 592 [346 P.2d 545], applicant, an electrician, sustained a back injury in 1953 which necessitated three weeks of hospitalization and an additional three weeks of recuperation. Thereafter he had recurrent episodes of pain in his low back and left leg. In February 1956 he suffered further back injury which required two weeks of diathermic treatment. Thereafter he continued to take self-conducted heat treatments at home. On October 20, 1958, he lifted a 70-pound coil of electrical conduit and felt a twinge of pain in his back. He continued to work until December 17, 1958. Thereafter he became totally disabled because of his back condition. He requested medical care of the insurance carrier. The carrier denied compensation

benefits on the ground that his difficulty resulted from the 1953 injury. The applicant resorted to self-procured medical care, including a laminectomy. The medical evidence was that the accumulated strain of his work effort caused the aggravation of disability existing since 1953. The commission found that the evidence failed to establish that he suffered an industrial injury on October 20, 1958. The order was that he take nothing by reason of his claim. The court concluded that the commission "applied an unsupportable theory to the ascertained facts." It noted that the referee had proceeded upon the premise that, with the exception of occupational disease cases, in order to produce an aggravation that could cause a latent or preexisting condition to become disabling there must have been a "new incident." The court concluded that the cumulative effect of work effort aggravating the prior condition was the equivalent of a "new incident." It does not appear whether any claim for medical treatment or either temporary or permanent disability for the incidents of 1953 and 1956 was made or whether the award included such benefits. The award was annulled and the matter remanded to the commission.

 The holdings of the *Beveridge* case, and others which have followed, established the rule that where there is an extended exposure the result is regarded as one continuous, cumulative injury rather than a series of individual injuries and the statute of limitations runs from the date of the last exposure. As the court said in *Beveridge* (p. 595): "The fragmentation of injury, the splintering of symptoms into small pieces, the atomization of pain into minor twinges, the piecemeal contribution of work-effort to final collapse, does not negate injury. The injury is still there, even if manifested in disintegrated rather than in total, single impact. In reality the only moment when such injury can be visualized as taking compensative form is the date of last exposure, when the cumulative effect causes disability." The court then quoted (p. 596) from *Fireman's Fund Indem. Co. v. Industrial Acc. Com.*, 39 Cal.2d 831, 834 [250 P.2d 148] (cumulative injury resulting in a stroke), as follows: " 'To require the employee to file his claim within a limited time from the first exposure would be unreasonable. After a single exposure the employee might be totally unable to notice that a deleterious effect has taken place. Only after extended exposure may the effects become noticeable. Consequently, it should only be after the exposures constituting the continuous injury have been con-

cluded that the period of the statute of limitations commences to run.' "

It is provided by section 5303 of the Labor Code that there can be but one cause of action for each injury and that all claims may be joined. In the present case there has been an award on applicant's claim for cumulative injury. In our opinion, however, there can be no final award with respect to applicant's injuries until both his claims have been heard and decided.

Apart from the question of the statute of limitations, we are satisfied, in view of the rules laid down in *Beveridge,* that the specific injury of July 16, 1962, should have been considered as an integral part of applicant's claim for cumulative injuries. The fact that the claim based on the July 1962 incident was not filed until more than five years after the inception of the cumulative injury does not alter this conclusion. As the court said recently in *Dow Chemical Co.* v. *Workmen's Comp. Appeals Board,* 67 Cal.2d 483, 493 [62 Cal.Rptr. 757, 432 P.2d 365] : "For purposes of applying the statute of limitations the courts and the board have accepted the date when the employee is disabled as the date when the cumulative injury occurs. (*Beveridge* v. *Industrial Acc. Com., supra,* 175 Cal.App.2d 592, 595; *Fidelity & Casualty Co.* v. *Industrial Acc. Com.,* 9 C.C.C. 294, 295.) 'In reality the only moment when such injury can be visualized as taking compensative form is the date of last exposure, when the cumulative effect causes disability.' (Tobriner, J., in *Beveridge* v. *Industrial Acc. Com., supra,* 175 Cal.App.2d 592, 595.) "

In view of what we have said above, it is apparent that the board was in error in holding that the claim based on the incident of July 16, 1962, was barred by the statute of limitations. Consequently, it is not necessary to discuss here the grounds on which that ruling was made.

The decision of the Workmen's Compensation Appeals Board that the petitioner's claim for benefits based upon the injury sustained on July 16, 1962, including benefits for new and further disability, if any, is barred by the statute of limitations is vacated and annulled, and the matter is remanded to the board for further proceedings consistent with the views expressed in this opinion.

Kaus, P. J., and Hufstedler, J., concurred.

The petitions of respondents Workmen's Compensation Appeals Board and State Compensation Insurance Fund for a hearing by the Supreme Court were denied April 17, 1968,