[Civ. No. 33558. Second Dist., Div. Five. Nov. 18, 1969.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, SOUTHERN CALIFORNIA RAPID TRANSIT DISTRICT et al., Respondents.

814

COUNSEL

T. Groezinger, Loton Wells and A. C. Jones for Petitioner.

Everett A. Corten, Gabriel L. Sipos, Zonni, Ginocchio & Taylor and Ralph D. Malmquist for Respondents.

OPINION

**STEPHENS, Acting P. J.** — The State Compensation Insurance Fund seeks review and annulment of an award of the Workmen's Compensation Appeals Board.

On September 8, 1966, Walter Burris, a bus driver, filed two claims for workmen's compensation. In one, he alleged that he sustained a specific industrial injury to his back in February 1962. In the other, he alleged cumulative industrial injury to his back from February 1962 to July 21, 1966.

The claims were consolidated for hearing. Burris testified that in February 1962, the front wheel of the bus he was driving slipped off a streetcar track into a chuckhole, causing him to twist from the waist up. He felt pain in his low back. It was the first time he had ever had any pain in his low back. In the days following, he felt a dull pain, which increased while he was driving the bus. He went to a doctor 10 days later, at which time the low back pain had become severe and he had some shooting pains down his right leg. The doctor was in a medical clinic in the driver's building. The doctor asked him if he had fallen, and Burris described the chuckhole incident. The doctor X-rayed Burris' back, gave him heat treatment, and told him to stop working. He referred Burris to an orthopedist, Dr. Rolland. Burris went to Dr. Rolland the same day and gave him the same history.

Burris asked him whether the trouble could have started from the incident of the wheel slipping off the track, and the doctor said he didn't know. In a report dated February 21, 1962, Dr. Rolland diagnosed applicant's condition as a lumbosacral sprain, and noted X-ray evidence of congenital weakness in that area. The doctor treated him with an ultrasonic and heating pad for about 13 weeks. He returned to work during the last week of treatment, at which time he had a dull pain in his low back which was not too severe. After returning to work, he continued to suffer with dull pains in his law back. It would become a sharp pain by quitting time and became more severe as time went on. By February of 1966 he was not able to work because of pain and he obtained medical treatment under a group medical plan. He told the doctor of the chuckhole incident and that he had pain since 1962. He was off work seven days and felt improved when he returned to work. His pain gradually became worse, and on July 18, 1966, the pain had become more severe than it had been in February. He returned for medical treatment, and had been under treatment since that time.

In a report dated September 22, 1966, Dr. Scandalis, an orthopedic surgeon who examined applicant, concluded that applicant ". . . had a low back sprain that started out in 1962 when he was driving a bus and it hit a chuckhole. Apparently the pain gradually got worse to the point that he had to quit work on July 21, 1966." In a report dated February 7, 1967, Dr. Zaccalini, an orthopedic surgeon who treated applicant, diagnosed a disc herniation and stated that ". . . the back injury could have been caused by the injury of February 1962 and aggravated by his continued occupation as a bus driver." In a report dated August 16, 1967, Dr. Reid, appointed as an independent medical examiner, expressed the opinion, based on a myelogram and the history given by the applicant, that the injury of 1962 was the initiating factor, and his work activities could be considered to have caused periodic flare-ups without another specific injury.

It appeared that applicant was continuously employed in the same assignment as a bus driver during the whole period, but that from February 1962 through February 28, 1964, his employer was the Metropolitan Transit Authority, insured by the State Compensation Insurance Fund, and from March 1, 1964, though July 21, 1966, his employer was the Southern California Rapid Transit District, a successor entity. The record reflects that the defendants raised the defense that the claim for specific injury in February 1962 was barred by the statute of limitations.

In the specific industrial claim, the referee found that applicant had sustained a specific injury in February 1962, but because all benefits were being awarded in the cumulative injury claim, the applicant should take nothing "at this time" on the specific action. In the cumulative injury claim,

the referee found that applicant sustained cumulative injury from February 1962 to July 1966, and issued a joint and several award against the two employers and the State Compensation Insurance Fund as the insurer for the Metropolitan Transit Authority.

All of the defendants filed petitions for reconsideration of the award on cumulative injury claim. Upon reconsideration, and relying upon the evidence set out above, the appeals board concluded that "the more persuasive evidence in this case compels a finding of cumulative injury." It found that the cumulative injury caused temporary disability for a period of approximately 12 weeks in 1962, the liability for which was a several obligation of the State Compensation Insurance Fund. It also found that the injury caused temporary disability for one week in February 1966, and again beginning July 22, 1966, through December 15, 1967, and continuing thereafter, the liability for which was the joint and several obligation of the State Compensation Insurance Fund and the Southern California Rapid Transit District. Award issued accordingly. The award also included a joint and several award against the State Compensation Insurance Fund and Southern California Rapid Transit District for reimbursement of self-procured medical treatment and medical-legal costs. It was ordered that Southern California Rapid Transit District be primarily responsible for the payment of compensation and costs and for the rendering of further medical care, subject to its right to seek contribution from the State Compensation Insurance Fund.

The State Compensation Insurance Fund seeks review and annulment of the findings and award insofar as it has been held solely liable for temporary disability indemnity for the period of approximately 12 weeks in 1962 during the time Dr. Rolland was providing treatment. It contends that the board should have denied compensation for this period of disability on either of the following grounds: (1) "if the specific incident of February 1962 is held to be merged with the cumulative injury, then the period of temporary disability would have occurred before July 21, 1966, the date of injury, and the board would have no power to award compensation therefor"; or (2) "if the specific injury is held to be a separate incident, then it is barred by the one year statute of limitations. . . ."

Southern California Rapid Transit District contends that the specific incident in 1962 cannot be viewed as simply a part of the cumulative injury, and that the fund waived the defense of the statute of limitations by failing to raise the issue by petition for reconsideration.

The board indicated in its opinion that the "applicant's claim for temporary disability following and caused by the specific incident of February 1962 would likely have been outlawed by the statute of limitations." However, since none of the parties had specifically questioned the

propriety of the award for this disability in the cumulative injury case in their petitions for reconsideration, they were deemed to have waived the defense of the statute of limitations. The board appears to have treated the period of temporary disability as though it was caused by a specific injury, despite its conclusion that the disability was the result of cumulative injury.

Before we may consider the correctness of the appeals board's ruling, a brief discussion of the law applicable prior to January 1, 1969, is necessary.

■ The basic statute of limitations in workmen's compensation proceedings requires that original claims be filed within one year from the date of injury or the date of the last voluntary furnishing of benefits to the employee. (Lab. Code, § 5405.) The "date of injury" is the date on which the alleged "incident or exposure" occurred except in the case of occupational disease. (Lab. Code, § 5411.) ■ The "date of injury" in occupational disease cases is deemed to be the date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that the disability was caused by his employment. (Lab. Code, § 5412; see *Chambers* v. *Workmen's Comp. App. Bd.,* 69 Cal.2d 556 [72 Cal.Rptr. 651, 446 P.2d 531]; *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 569 [68 Cal.Rptr. 164, 440 P.2d 236].) ■ In the *Fruehauf* case, it was held that injuries resulting from "a repeated series of traumas to an employee's back which are cumulative in nature and finally culminate in disability" are to be classified as occupational disease within the meaning of Labor Code section 5412. The court in *Fruehauf* observed that compensable injuries under the workmen's compensation law generally fall into one of four categories: (1) specific injuries incurred as a result of one incident or exposure in the employment, the effects of which are realized or realizable; (2) industrial injuries suffered as a result of a specific incident or exposure which have latent effects; (3) continuous cumulative traumatic injuries suffered as a result of a number of minor strains over a period of time; and (4) cumulative injuries, such as silicosis, resulting from continous exposure to harmful substance.

The case law prior to January 1, 1969, held that a single cumulative injury could be found based upon an employment period embracing several specific work-related incidents which themselves caused time lost from work or the need for medical treatment. Thus, even though a portion of the employee's ultimate disability was established to have been caused by a specific incident within the employment period, which was otherwise barred by the statute of limitations, the employee nevertheless could obtain full recovery because the specific incident was deemed merged into the cumula-

tive injury. (*De Luna* v. *Workmen's Comp. App. Bd.,* 258 Cal.App.2d 199 [65 Cal.Rptr. 421]; *Miller* v. *Workmen's Comp. App. Bd.,* 258 Cal. App.2d 490 [65 Cal.Rptr. 835].) A cumulative injury could have its inception in a specific incident followed by work-connected aggravations, exacerbations, or flare-ups of the employee's condition as initially caused by the specific incident, together with a series of specific incidents superimposed upon the daily strains of continuous work. The fact that a single incident within the period of employment exposure might itself have caused compensable disability did not *ipso facto* preclude a finding that the single incident was but a part of and merged with the entire period of employment exposure giving rise to the cumulative injury. (*Fibreboard Paper Products Corp.* v. *Industrial Acc. Com.,* 63 Cal.2d 65 [45 Cal.Rptr. 5, 403 P.2d 133].) Moreover, prior adjudication of specific injuries did not preclude a finding of cumulative injury during a period overlapping the specific injuries. (*Dow Chemical Co.* v. *Workmen's Comp. App. Bd.,* 67 Cal.2d 483 [62 Cal.Rptr. 757, 432 P.2d 365].)

██ Since in the instant case the appeals board determined that the specific injury of February 1962 was part of and merged into the period of cumulative injury, we are presented with the question of whether it was proper for the board to award compensation for temporary disability following the specific incident, solely against the insurance carrier on the risk at the time of the specific incident. The board ruled that where there are several employers or insurers on the risk during the cumulative period, the charge for any temporary disability or self-procured medical treatment following a specific incident during the cumulative period should be made against the one on the risk at the time of the specific incident. The board failed to consider that part of the temporary disability might have been the result of a cumulative injury caused by several minor traumas incurred between the February 1962 injury and the temporary disability which occurred 10 days later. All insurers on the risk during the period of cumulative exposure prior to the temporary disability would be jointly liable, not just the one on the risk at the time of the specific injury. (See *Cypress Ins. Co.* v. *Workmen's Comp. App. Bd.,* 266 Cal.App.2d 196 [71 Cal.Rptr. 915].) However, the evidence indicates that petitioner was the only insurer on the risk during the period of cumulative exposure prior to the temporary disability. The award, therefore, appears to be proper. Respondent Southern California Rapid Transit Authority cannot be held responsible for the temporary disability in 1962 since it was not on the risk at any time when the applicant might have been exposed to cumulative trauma resulting in the temporary disability. However, it would be unreasonable to affirm the award on the theory that the board found, on sufficient evidence, that the disability was caused by a period of cumulative injury prior to the date the applicant suffered temporary disability or

required medical treatment in 1962, and that the claim was not barred under the provisions of Labor Code section 5412 because the board did not consider that aspect of the history. The record does not indicate when the applicant realized that he had suffered industrial injury, or when with reasonable diligence he should have realized it; it appears that even when he was referred to Dr. Rolland some 10 days after the February 1962 incident, neither he nor Dr. Rolland realized that his disability and need for medical treatment were industrially caused. It appears that when the referee initially decided the claims, more than five years had elapsed after February 1962. Thus, it appears that the petitioner could reasonably have concluded that the continuing jurisdiction of the board had lapsed and it was free from any potential liability on the claim of specific injury. Therefore, it had no need to seek reconsideration of whether that claim was barred by Labor Code section 5411.

In its petition for reconsideration of the award in the cumulative injury case, petitioner did not specifically raise the issue of whether the claim for temporary disability and reimbursement for medical treatment in 1962 was barred by the statute of limitations. It apparently contended that the specific injury could not be considered as one of the components of the overall cumulative injury. Therefore, that portion of the award granting benefits for temporary disability and medical treatment in 1962 is annulled, and the matter remanded to the board to hear and determine the claim for those benefits, and to decide whether the evidence supports a finding that the disability and need for medical treatment in 1962 were caused by the cumulative effect of work strains after the specific incident, and, if so, when the applicant should have known that it was industrially caused. ■ If the specific incident was merely one of the contributing components of the cumulative result, a claim for the resultant disability or need for medical treatment was timely filed, pursuant to Labor Code section 5412 if the applicant filed within one year after he knew or should have known that the injury was industrially caused. If the incident in February 1962 alone was the cause of the temporary disability, Labor Code section 5411 would apply to bar the claim one year after the date of the incident. For purposes of the statute of limitations, it follows that the critical finding is not that there was a specific injury, but whether the temporary disability and need for medical treatment occurring in the course of the overall cumulative period of injury was caused solely by the specific incident.

■ Since the appeals board rendered its opinion, the Legislature enacted Labor Code sections 3208.1 and 3208.2, and amended Labor Code section 5303. These new laws became effective on January 1, 1969. Section 3208.1 distinguishes between specific and cumulative injuries, and provides that the date of cumulative injury shall be the date of disability

caused thereby. Section 3208.2 provides that all questions of fact and law shall be separately determined with respect to each such injury. The amendment to section 5303 provides that "no injury, whether specific or cumulative, shall, for any purpose whatsoever, merge into or form a part of another injury . . ." Were these statutes to be given retroactive effect, they might very well affect the outcome of the instant case. However, we hold that these new code sections have only prospective effect, and are therefore inapplicable. The Legislature made no expression of intent that these statutes were to have retrospective operation, and "statutes are not to be given a retrospective operation unless it is clearly made to appear that such was the legislative intent." (*Aetna Cas. & Surety Co.* v. *Industrial Acc. Com.,* 30 Cal.2d 388, 393 [182 P.2d 159].) Since these statutes would probably affect substantive rights of the applicant, we must infer an intent that they only operate prospectively, in the absence of an expression to the contrary. (*Cort* v. *Steen,* 36 Cal.2d 437 [224 P.2d 723]; 45 Cal.Jur.2d 552-553, Statutes, § 26.)

That part of the award which makes benefits for the 12 weeks of temporary disability in 1962 a several obligation of petitioner is annulled, and the matter is remanded for further proceedings consistent with the views expressed in this opinion.

Aiso, J., and Reppy, J., concurred.