[Civ. No. 31386. First Dist., Div. One. Jan. 14, 1974.]

JAMES R. HOOKER, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL et al.,
Respondents.

## Counsel

Donohoe, Reidy & Jones and Yale I. Jones for Petitioner.

Cantrell & Green and Richard J. Cantrell as Amici Curiae on behalf of Petitioner.

T. Groezinger, James J. Vonk, George S. Bjornsen and P. M. Miyamoto for Respondents.

## Opinion

**SIMS, J.**—A writ was granted in this proceeding to review an opinion and decision after reconsideration of the respondent Workmen's Compensation Appeals Board, which set aside, on the ground petitioner's application was barred by the statute of limitations, so much of a referee's award in his favor as awarded him further medical treatment, temporary disability indemnity at the maximum rate from a date one year prior to the filing of his application to a date and in an amount to be adjusted by the parties or upon further petition; and permanent disability indemnity in the sum of $8,925 payable at the rate of $52.50 per week commencing January 10, 1971, for a period of 170 weeks, less allowed attorney's fees of $892. An award of $185 medical-legal costs was affirmed. Petitioner contends that the opinion and decision after reconsideration of respondent board erroneously applies the provision of Labor Code section 5405 to bar his claim, in the light of the provisions of sections 3208.1, 3208.2, 5303, 5411 and 5412 of the code.[1]

---

[1]These sections as added, and amended and as they antedated January 1, 1969, read as follows:

Section 3208.1: "An injury may be either: (a) 'specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment: or (b) 'cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment; provided, however, that the date of cumulative injury shall be the date of disability caused thereby."

Section 3208.2: "When disability, need for medical treatment, or death results from the combined effects of two or more injuries, either specific, cumulative, or both, all questions of fact and law shall be separately determined with respect to each such injury, including, but not limited to, the apportionment between such injuries of liability for disability benefits, the cost of medical treatment, and any death benefit."

Section 5303: "There is but one cause of action for each injury coming within the provisions of this division. All claims brought for medical expense, disability payments, death benefits, burial expense, liens, or any other matter arising out of such injury may, in the discretion of the appeals board, be joined in the same proceeding

It is concluded that the respondent board erred in finding that an award of further medical treatment, temporary disability which was incurred within one year prior to the filing of the application, and permanent disability was barred by the statute of limitations. The writ should be granted and the matter must be remanded to respondent board to determine whether or not the award of permanent disability was excessive, as requested in the petition for reconsideration, filed by the employer and its adjusting agency.

The uncontradicted facts as revealed by the record before the referee and the board show that the petitioner who was born April 24, 1927, was employed by the respondent Department of the California Highway Patrol as a state traffic officer at various locations in the state between July 6, 1954 and June 19, 1970, at a rate of pay which would entitle him to maximum compensation benefits; that in March or April of 1962 he first suffered a dizzy spell; that he sought medical treatment for dizziness and headaches and his family doctor diagnosed it as sinus trouble when he first consulted him; that in 1967 the doctor indicated it probably was a combination of his job and sinus trouble and sent him to an allergist; that the allergist determined that his problems were not connected with his sinus and sent him to a neurologist, who in turn, concluded in 1968 that the employee's complaint was a tension state which in part was due to his work situation and asked him whether he had thought about changing his job; that between 1967 and June 19, 1970, the employee had used up 159 hours of sick leave in connection with his problem; that his last absent request was on the latter date,[2] although there might have been a few other hours lost since that date and before the hearing March 1, 1971; that at his

---

at any time; *provided, however, that no injury, whether specific or cumulative, shall, for any purpose whatsoever, merge into or form a part of another injury; nor shall any award based on a cumulative injury include disability caused by any specific injury or by any other cumulative injury causing or contributing to the existing disability, need for medical treatment or death.*" (Italics added.)

Section 5411: "The date of injury, except in cases of occupational disease, is that date during the employment on which occurred the alleged incident or exposure, for the consequences of which compensation is claimed."

Section 5412: "The date of injury in cases of occupational diseases is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment."

[2]Labor Code section 5405 provides in part, "The period within which may be commenced proceedings for the collection of the benefits provided . . . is one year from: [¶] (c) The date of last furnishing of any benefits provided for in Article 2. of Chapter 2 of Part 2 of this division." No contention has been made that the furnishing of sick leave brought this provision into play. (Cf. *City etc. of San Francisco* v. *Workmen's Comp. App. Bd.* (1970) 2 Cal.3d 1001, 1011 [88 Cal.Rptr. 371, 472 P.2d 459]; and *Rendleman* v. *Industrial Acc. Com.* (1966) 242 Cal.App.2d 32, 33 [50 Cal.Rptr. 923].)

request his job was changed to counter work in the office of the patrol and he no longer performed any road patrol work; that his application was filed September 14, 1970; and that, as stipulated, his condition became permanent and stationary as of January 2, 1971.

On those facts the referee made the award which was set aside by the board. The board did find, however, that the employee sustained injury arising out of and occurring in the course of this employment, but that his claim was barred by the statute of limitations.

The applicant and petitioner contends that in cumulative injury cases the statute of limitations does not commence to run until the later of either the last day of exposure to the causative employment activities or the onset of compensable disability; that section 3208.1 was enacted to clarify the earlier law which so provided; and that it is unreasonable to compel an employee to file a claim for each employment-suffered symptom on pain of losing any right to recover for a subsequent more serious injury arising from the cumulative effects of his exposure. Respondent insists that the applicant's claim is barred by the provisions of section 5405 and that section 3208.1 gives him no greater rights.

## I

At all times material to this case, or to the interpretation of the applicable decisions, the basic statute of limitations has been that found in section 5405—"one year from . . . the date of injury." In *Fireman's Fund Indem. Co.* v. *Ind. Acc. Com.* (1952) 39 Cal.2d 831 [250 P.2d 148], the court enunciated the following rule concerning a cumulative or continuous injury: "If the strain and tension to which Gregory was subjected constituted one continuous injury, the statute of limitations did not begin to run until the last exposure to the causative force. The Legislature has laid down the rule that the limitations period is to run from the time of the exposure. (Lab. Code, § 5411.) In the case of a continuous injury this can only mean the time of the last exposure. To require the employee to file his claim within a limited time from the first exposure would be unreasonable. After a single exposure the employee might be totally unable to notice that a deleterious effect has taken place. Only after extended exposure may the effects become noticeable. Consequently, it should only be after the exposures constituting the continuous injury have been concluded that the period of the statute of limitations commences to run." (39 Cal.2d at p. 834. See also *Fruehauf Corp.* v. *Workmen's Comp. App. Bd.* (1968) 68 Cal.2d 569, 574 [68 Cal.Rptr. 164, 440 P.2d 236]; *Dow Chemical Co.* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 483, 493-494 [62 Cal.Rptr.

757, 432 P.2d 365]; *Aetna Cas. & Surety Co.* v. *Workmen's Comp. Appeals Bd.* (1973) 35 Cal.App.3d 329, 340-341 [110 Cal.Rptr. 780]; *Chavez* v. *Workmen's Comp. Appeals Bd.* (1973) 31 Cal.App.3d 5, 11-12 [106 Cal.Rptr. 853]; *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd.* (1969) 1 Cal.App.3d 812, 817-818 [82 Cal.Rptr. 102]; *Miller* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 490, 495-496 [65 Cal.Rptr. 835]; *De Luna* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal. App.2d 199, 203-204 [65 Cal.Rptr. 421]; *Peter Kiewit Sons* v. *Industrial Acc. Com.* (1965) 234 Cal.App.2d 831, 836 [44 Cal.Rptr. 813]; *Argonaut Ins. Co.* v. *Industrial Acc. Com.* (1964) 231 Cal.App.2d 111, 116-118 [41 Cal.Rptr. 628]; *Beveridge* v. *Industrial Acc. Com.* (1959) 175 Cal. App.2d 592, 594-595 [346 P.2d 545]; and cf., fn. 3 below.)

Subsequently in *Fruehauf Corp.* v. *Workmen's Comp. App. Bd., supra,* 68 Cal.2d 569, the court likened injuries resulting from continuous minor traumas which caused disability to the injuries resulting from occupational diseases. It held that the running of the statute of limitations was governed by the provisions of section 5412 (see fn. 1 above), and that as a result, under provisions of liberal construction (§ 3202), an employee who suffered a cumulative disability prior to the last date of exposure, but who did not discover the causal connection between his disability and the employment activities until three months after those activities had terminated, could apply for benefits because the "date of injury" would be deemed the date that he discovered that said disability was caused by his prior employment. (68 Cal.2d at pp. 576-577.)[3]

---

[3]The Supreme Court vacated the Court of Appeal opinion which had denied recovery and which had stated, "In such [cumulative trauma] cases the date of the employee's knowledge that the disability was caused by his present or prior employment is not the controlling factor that it is in cases of occupational disease." (60 Cal. Rptr. 718, 722.) The same judge also subsequently wrote *De Luna* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 199 [65 Cal.Rptr. 421] and *Miller* v. *Workmen's Comp. App. Bd.* (1968) 258 Cal.App.2d 490 [65 Cal.Rptr. 835], each of which held that specific injuries occurring during the period of cumulative injury became part of the cumulative injury, and therefore could be asserted despite the fact that the original exposure and injury were over one year prior to filing the application. The Legislature adopted sections 3208.1 and 3208.2 and amended section 5303 operative January 1, 1969. (See fn. 1 above.) The legislative committee comment, as set forth following section 3208.1 as printed in West's Annotated Code, states: "To nullify the effect upon the law of Workmen's Compensation of certain recent decisions of the Court of Appeals and of the Supreme Court, including Dow Chemical Co. vs. Workmen's Compensation Appeals Board, 67 AC 488, DeLuna vs. Workmen's Compensation Appeals Board, 258 ACA 271, Miller vs. Workmen's Compensation Appeals Board, 258 ACA 589, and Fruehauf Corporation vs. Workmen's Compensation Appeals Board, 252 ACA 600, this section declares that one incident or one exposure which produces any disability or need for treatment is a specific injury, that 'cumulative injury' consists of repetitive traumatic activities extending over a period of time, the combined effect of which causes any disability or need for treatment, and declares

Section 3208.1, operative January 1, 1969, provides in part ". . . the date of cumulative injury shall be the date of disability caused thereby."

In reliance upon the foregoing sections, the appeals board in this case concluded as follows: "It is apparent that in 1967 and 1968 the applicant was aware that his headaches and dizziness were caused by his occupation. It is further apparent that the applicant lost time from work for which he was compensated by way of sick leave. At the hearing of March 1, 1971, he made a claim for temporary disability indemnity for that period of sick leave. We therefore hold that applicant's claim is barred by Labor Code Section 5405 in that the date of injury as defined by Labor Code Sections 5412 and 3208.1 occurred more than one year prior to the filing of the application on September 14, 1970."

There can be no question that the knowledge acquired in 1967 and 1968 rendered the effective date of injury of the temporary disability manifested by his 159 hours of sick leave, and any self-procured medical treatment he received in connection therewith, the date of such disability or treatment. The referee properly disallowed any recovery for temporary disability or self-procured medical treatment antedating one year prior to the filing of the application.

The question remains whether the provisions referred to preclude recovery for cumulative disability which by its very nature could not manifest itself until the employee had undergone further exposure. It is irrational to rule that the employee who shrugs off the effects of the initial stages of industrial trauma forfeits the right to recover from the cumulative effect of that trauma which ultimately renders him unable to carry on his regular duties. Applicant points out that in those cases when the cumulative effect is not great, a rule requiring forfeiture of recovery of benefits for future disability unless prompt claim is made will spawn repetitive claims because of fear of loss of yet unknown future consequences.

On the other hand the employer argues that the failure to apply the statute of limitations strictly will lead to the assertions of claims made vague

that the date of a cumulative injury is the date when any disability is caused thereby." (See *Aetna Cas. & Surety Co.* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App. 3d 329, 332-333; *Chavez* v. *Workmen's Comp. Appeals Bd., supra,* 31 Cal.App.3d 5, 7-10; *State Comp. Ins. Fund* v. *Workmen's Comp. App. Bd., supra,* 1 Cal.App.3d 812, 819-820; *Ferguson* v. *City of Oxnard and State Comp. Ins. Fund* (1970) 35 Cal. Comp. Cases 452, 457; Swezey, *Repetitive Trauma as Industrial Injury in California* (1970) 21 Hastings L.J. 631, 640-642; and Comment, *Judicial Philanthropy Curbed: A New Statutory Scheme for Cumulative Injury Awards* (1968) 9 Santa Clara Law, 156, 162-165.)

and cloudy by age. The rule applied by the referee does not permit the assertion of late claims. The claim allowed by the referee is not for one or more of some 20 days in all of petitioner's inability to work spread out over a period of four years. The claim allowed is that for the disabling effect of a cumulative injury which resulted in a permanent inability to perform the normal duties of the employee's employment, and so much of the effect as resulted in sporadic inability to perform daily duties within the year prior to the filing of the claim. The question of whether the physical condition producing this more current disability arose out of or in the course of the employee's employment is a question of fact. (*Aetna Cas. & Surety Co.* v. *Workmen's Comp. Appeals Bd., supra,* 35 Cal.App.3d 329, 340-341.) The resolution of that question of fact depends upon the employee's medical history, his employment exposure over the years, and medical opinion concerning the relationship between the two. Although an earlier claim might have settled the employee's responsibility for any period of temporary disability for which claim is now barred, it is questionable whether such a determination, if adverse to the employee, could have barred a subsequent application for a new and more severe disabling condition.

■ In 1967, the employee first utilized his sick leave for a cumulative injury which he "either knew, or in the exercise of reasonable diligence should have known" (§ 5412) occurred as the result of "repetitive mentally or physically traumatic activities extending over a period of time" (§ 3208.1) from 1954 through 1967. Claim for benefits for such disability would be barred in one year (see however, fn. 2 above). That disability, however, could not embrace a more severe and more disabling injury from continued traumatic activities in the period from 1967 to 1970, to which the employee could not possibly have been exposed in 1967. This cumulative disability reached its climax in 1970 when the employee had to forego the performance of his 'normal duties. If, as appears from the stipulation, his condition did not stabilize until January 2, 1971, he did not have a compensable permanent disability in 1967 or at any time prior to a period one year before September 14, 1970, when he filed his application. Nor did he have compensable temporary disability for the period from September 15, 1969, to January 2, 1971, until he had suffered the cumulative disabling effects of his employment up to the earlier date.

In other words, so long as the combined effect of the repetitive mentally or physically traumatic activities extending over a period of time cause an ever increasing disability or need for medical treatment there are separate periods of cumulative injury. Recovery for time lost from work or medical treatment incurred more than one year from the filing of the application may be barred because the employee knew or should have known that such

disability was caused by his employment. Nevertheless, so long as the repetitive trauma continues to cause further disability, recovery may be had for such disability as has occurred within one year of the filing of the application.

Neither the statutes nor *Fruehauf* requires otherwise. The statutes were designed to prohibit recovery for a barred specific injury under the guise that it was merged into and with a cumulative injury or occupational disease which was not barred because there had been continual exposure. *Fruehauf Corp.* v. *Workmen's Comp. App. Bd., supra,* stands for the proposition that the provisions of the Labor Code should be liberally construed. (68 Cal.2d at p. 577.) It did not state that any claim for disability for a cumulative injury would be barred one year after knowledge that the employment was contributing to the aggravation and progress of that injury. It only states that such a claim could not be barred, even though made one year after such exposure, if there were no such knowledge. (*Id.*) In *Ferguson* v. *City of Oxnard and State Comp. Ins. Fund, supra,* 35 Cal. Comp. Cases 452, the appeals board construed section 3208.1 as requiring "that a separate cumulative or specific injury be found whenever an employee's work activity causes any disability or need for medical treatment and provides that the date of a cumulative injury is the date of disability caused thereby. Section 3208.2 requires that with respect to each separate injury, whether specific or cumulative, separate findings be made on all issues of fact and law. Finally, the amendment to Labor Code Section 5303 precludes any merger of any such separate injuries whether they be specific or cumulative, and forbids that an award 'based on a cumulative injury include disability caused by any specific injury or by any other cumulative injury causing or contributing to the existing disability. . . .' " (35 Cal. Comp. Cases at pp. 456-457.)

The appeals board en banc stated: "We are further persuaded that the word 'disability' used in the Section 3208.1 proviso to define the 'date of cumulative injury,' connotes *compensable* disability." (35 Cal. Comp. Cases at p. 457.) "Accordingly, *'any* disability or need for medical treatment' may give rise to a separate cumulative injury for which an applicant may file a claim; however, the statute of limitations will *not* commence to run upon such an injury until *compensable* disability has occurred." (35 Cal. Comp. Cases at pp. 457-458.)

It concluded, "[i]t is thus clear that the basic legislative scheme . . . was to return the law, as regards cumulative injury and the statute of limitations, to where it was prior to the cited appellate decisions. In this manner, date of injury is once again defined to be the date upon which employment

activities cause compensable disability, so that the statute will not commence to run until the last day of employment exposure to such activities, or the compensable disability caused by such activities, whichever is later: This is the rule announced in the landmark case of *Beveridge* v. *I.A.C.* [(1959)] 175 Cal.App.2d 592, 24 Cal. Comp. Cases 274 [346 P.2d 545]." (*Id.* at p. 458.)

The board's reasoning in the above decision is persuasive and in accord with the conclusions expressed herein.

In *Chavez* v. *Workmen's Comp. Appeals Bd., supra,* 31 Cal.App.3d 5, the court reviewed the effect of the 1968 legislation with respect to an injury which first disabled the applicant on March 4, 1970, because of an injury to his back caused by cumulative trauma arising out of and in the course of his employment from February 5, 1951, through March 3, 1970. He first became aware of the industrial relationship in July of 1971 and filed his claim that month. The court reviewed the statutes, and the legislative history of the 1968 amendments. It pointed out that the reference to the *Fruehauf* case in the latter was to the Court of Appeal, not the Supreme Court decision (see fn. 3 above.) In overruling the board's determination that the claim was barred because it was filed more than one year after March 4, 1970, when the applicant became disabled, the court followed *Fruehauf* and applied the provisions of section 5412, stating, "It is our opinion that the time petitioner Chavez had to file his claim commenced to run from the time he 'knew, or in the exercise of reasonable diligence should have known, that [his] disability was caused by his present or prior employment,' and that his cumulative injury was the result of an occupational disease. [Citations.]" (31 Cal.App.3d at pp. 10-11.) There is nothing in the opinion that indicates that failure to apply for benefits for medical treatment or a day's absence occasioned by a known cumulative injury in 1967 will bar recovery for the aggravated cumulative effects of the same employment-caused trauma in 1970. In fact the opinion recognizes the provisions of section 5303 which as amended expressly recites "no injury, whether specific or cumulative, shall, for any purpose whatsoever, merge into or form a part of another injury. . . ." (*Id.* at pp. 10 and 14.)

It is concluded that petitioner's application was not barred insofar as it claimed temporary disability and medical benefits for a period no earlier than one year prior to the filing of his application, and permanent disability benefits for his condition as stabilized on January 2, 1971.

The opinion and decision after the recommendation is vacated and the

case is remanded to the board for further proceedings consistent with the views expressed in this opinion and for consideration of respondent's contention that the extent of the permanent disability rating was excessive.

Molinari, P. J., and Elkington, J., concurred.