[Civ. No. 62441. Second Dist., Div. Five. Aug. 31, 1982.]

COUNTY OF LOS ANGELES, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD, ZACHARY J.
ROTTMAN et al., Respondents.

COUNSEL

John H. Larson, County Counsel, Milton J. Litvin and Patrick A. Wu, Deputy County Counsel, for Petitioner.

Thelen, Marrin, Johnson & Bridges, James W. Baldwin, Robert W. Loeffler, Harold E. Hamersmith and Victoria B. Naidorf for Respondents.

OPINION

STEPHENS, Acting P. J.—This is a writ of review from an order of the Workers' Compensation Appeals Board (WCAB) and a denial of a petition for reconsideration. The order is that the county is liable for the value for services rendered Zachary Rottman (Rottman) by Kaiser Foundation Hospital (Kaiser).

The facts are that Rottman[1] was an employee of Los Angeles County (County). On September 27, 1977, Rottman filed an application for adjudication of claim, alleging industrial injury to his heart due to stress during the period of his employment with the County. Kaiser then filed a lien for the self-procured medical treatment it provided. Rottman's claim was approved as settled by way of a compromise and release agreement except for the self-procured treatment provided by Kaiser. A hearing was held on the claimed liability of the County for the Kaiser lien. An award for the full amount of the lien was ordered. The Kaiser treatments covered the period from August 16, 1968, to September 5, 1978. One issue raised by the County, in addition to the denial that the injury had been work related, was that any claim for treatment given more than one year before the filing of the claim was barred by Labor Code sections 5404 and 5405.[2] The lien-claim award was specifically

---

[1]Rottman died on June 30, 1979.

[2]Unless otherwise noted, all code references are to the Labor Code.

based upon the finding that the County had "failed to sustain the burden of proof re the statute of limitations under Labor Code section 5404 and laches." Proof of a bar to a claim via the statute of limitations is a defense burden. (§ 5409.)

Under section 4600, an employer is liable for the reasonable expenses incurred by the employee in providing treatment which is reasonably required to cure or relieve from the effects of an industrial injury. A statute of limitations on such obligation to provide treatment is set forth in section 5405 wherein it provides in part that the period within which proceedings may be commenced for the collection of such benefits is one year from the date of injury. Section 5412 provides in part that the date of injury in a cumulative trauma injury is "that date upon which the employee first suffered disability therefrom and either knew or in the exercise of reasonable diligence should have known that *such* disability was caused by his present *or prior* employment." (See also *Chavez* v. *Workmen's Comp. Appeals Bd.* (1973) 31 Cal.App.3d 5 [106 Cal.Rptr. 853].)

In the instant case, it is clear that some of Kaiser's charges predate the filing of claim by more than one year. However, it is the burden of the County to establish that Rottman (and/or Kaiser) "knew or should have known" the disability was work related at a time more than one year prior to the filing of the claim. The County utilizes one of the medical experts' diagnostic reports in its effort to establish knowledge on the part of Rottman and Kaiser. That expert (Spiegel) reported that Rottman had been treated at Kaiser since 1968 for his heart condition and that Rottman felt pressure from his employment, though he continued working. Dr. Spiegel recommended that Rottman retire.

On the other hand, the County's expert, Dr. Dituri, stated in his report in support of the County's position that the disability *was not work related*. "In other words, Dr. Spiegel is very vague about the relationship of this man's occupational stress to any of his medical problems. This makes this report of limited value in trying to determine the relationship of this man's medical problems to his occupation. Dr. Spiegel states that this man was told several years ago that he should retire from his position. Again, however, he does not tell when and under what conditions. . . .

"It is my opinion that there is no basis for relating any part of this man's disability to his occupation with the County of Los Angeles."

Another medical expert (Dr. Schoen) concluded that Rottman's "occupational duties were, by all accounts, extremely stressful.... It is well known that stress is an aggravating feature in hypertension.... I would be of the opinion that his hypertension was significantly aggravated by some of his occupational duties and stresses and, as such, a significant factor in his development of coronary artery disease."

■ The question of "knowledge or in the exercise of reasonable diligence should have known" is a factual one and the trier of fact's determination should be upheld absent a lack of credible evidence to support it. If the conclusions of Dr. Spiegel are as innocuous as Dr. Dituri states, Rottman's knowledge of the occupational relationship to his disability is certainly not compellingly established. The question then becomes one of Kaiser's obligation to file an independent claim (without Rottman having filed a claim) to protect its interests. Pursuant to sections 5405 and 5501, Kaiser would have had the right to so file.

The County cites, as controlling, two cases: *Kaiser Foundation Hospitals* v. *Workers' Comp. Appeals Bd.* (*Webb*) (1977) 19 Cal.3d 329 [137 Cal.Rptr. 878, 562 P.2d 1037] and *Hooker* v. *Workmen's Comp. Appeals Bd.* (1974) 36 Cal.App.3d 698 [111 Cal.Rptr. 766]. Neither case negates a finding by the board of lack of knowledge when evidence supports that conclusion.

In *Webb* the claim by Kaiser was for benefits furnished more than one year after the employer's notice of rejection of the claim of work-related disability. In the instant case, there was no such notice until after Rottman filed his claim and the claim was compromised and released reserving the issue of liability for Kaiser's claim. Within that compromise and release is the declaration that "A substantial dispute exists as to whether any part of the disability herein was caused by the employment. All parties desire to avoid the hazards of litigation." Thus, in effect, the first declaration of a notice of rejection of responsibility could date from the compromise document, and as of that time, Kaiser had filed its claim.

■ Was Kaiser obligated to file a claim within the one-year period if it had *any* suggestion that the treatment it was providing Rottman was work related? We conclude that the answer must be in the negative.

*Kaiser* argues that there is no provision in the code for a statute of limitations upon a lien claim except as found in section 4904, wherein it is stated: "If notice is given in writing to the insurer, or to the employer if uninsured, setting forth the nature and extent of any claim that is allowable as a lien, the claim is a lien against any amount thereafter payable as compensation . . . ." That the lien attaches to "any amount thereafter payable as compensation." That because there was compensation still to be paid on the date the lien claim was filed, the filing of such claim was timely. The County responds that the case of *Hooker* v. *Workmen's Comp. Appeals Bd., supra*, 36 Cal.App.3d 698 is to the contrary and the rule therein stated is determinative of the issue. The WCAB concluded that *Hooker* was not applicable and we agree.

In *Hooker, supra*, 36 Cal.App.3d at page 704, the WCAB concluded that: "'It is apparent that in 1967 and 1968 the applicant [employee] was aware that his headaches and dizziness were caused by his occupation. It is further apparent that the applicant lost time from work for which he was compensated by way of sick leave. At the hearing of March 1, 1971, he made a claim for temporary disability indemnity for that period of sick leave. We therefore hold that applicant's claim is barred by Labor Code Section 5405 in that the date of injury as defined by Labor Code Sections 5412 and 3208.1 occurred more than one year prior to the filing of the application on September 14, 1970.'" By this WCAB declaration, a glaring distinction appears between the instant case and *Hooker*. It is that in *Hooker* the board found, on adequate evidence, that the employee knew his disability was work related long before he filed his claim. It is also clear that the same knowledge was had by any provider of medical services.

We conceive of no reason to require of a provider of medical services a greater insight into whether the disability is work related than an employee so long as both parties are apprised of the same facts. If Dr. Spiegel's report showed insufficient notice to Rottman it likewise showed insufficient notice to Kaiser.

In sum, the conclusion of the board that the claimant did not know or should have known that the services were occupationally related more than one year prior to the filing of the claim is supported by substantial evidence. We conclude that by this holding there will be created a need for the provider to fully disclose to the employee the facts as known to it (relative to occupational involvement) so the employee may make a knowledgeable election as to whether to seek recompense

for his disability. If a provider can be shown to have greater knowledge in that respect than that of the employee, the provider's claim may be precluded as a lien. On the other hand, a provider may not be precluded through facts unknown to it. In the instant case, as we have noted, both parties, Kaiser and Rottman, were knowledgeable of the same facts and these did not mandate the conclusion that the disability due to heart disease was compensable as work related.

The order of the board is affirmed and the writ discharged.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied September 21, 1982, and petitioner's application for a hearing by the Supreme Court was denied December 1, 1982. Newman, J., did not participate therein.