[L. A. No. 6780. In Bank.—June 28, 1921.]

MERCURY AVIATION COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] Workmen's Compensation Act — Permanent Partial Disability—Return to Work—Liability for Payment.—An employer cannot escape the payment of compensation for a permanent partial disability solely upon the ground that the employee returned to work prior to the termination of the period covered by the payments and for the same wages received by him before the injury.

[2] Id.—Voluntary Payments—Deduction in Fixing Compensation.—Under the provisions of section 11, subdivision "g" of the Workmen's Compensation Act of 1917 (Stats. 1917, pp. 831, 842), where payments have been made by the employer during the

period of incapacity without any agreement between the parties as to the application of the same, the commission may take the voluntary payments into consideration to the extent that it sees fit in fixing the amount of compensation, but the employer cannot complain if the commission declines deductions on account of such payments.

[3] ID. — AWARD OF COMPENSATION — REFUSAL OF ALLOWANCE FOR VOLUNTARY PAYMENTS—DISCRETION OF COMMISSION.—Where an employer chooses to continue full payments to an employee during the period of total disability in the absence of any agreement and, thereafter, to accept services from the employee and make regular payments to him without any understanding that the services rendered were not worth the sums paid and that some portion thereof was paid as compensation, it is not entitled, as a matter of legal right, to insist upon the deduction of the payments from the amount of the award.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission. Award affirmed.

The facts are stated in the opinion of the court.

Neil S. McCarthy and Herbert Freston for Petitioner.

A. E. Graupner for Respondents.

LENNON, J.—The award of the Industrial Accident Commission here under review is based upon the following facts: On October 9, 1919, George C. Freeman, employed by the Mercury Aviation Company as a mechanic, received an injury to his right arm while cranking an airplane motor in the course of employment. After an interval of five weeks, during which he was totally disabled, the employee resumed work with the Mercury Aviation Company, but because of his injury was unable to continue his duties as a mechanic and performed only "light work." From the date of his injury in October, 1919, until April, 1920, when he was discharged from employment, the Mercury Aviation Company continued to pay the employee the sum of thirty-five dollars per week, which was the full amount of his actual weekly earnings at the time he was injured. After his discharge from employment the employee applied to the Industrial Accident Commission for an adjustment of his compensation claim against the employer. The commission rated his disability as eleven and one-half per cent perman-

ent and fixed his compensation at $20.83 a week for forty-six weeks, amounting to a total of $958.18. The commission allowed the employer a credit of $83.32 for the payment of $20.83 per week during four weeks of the five-week period of total disability, and made an award of $874.86 in favor of the applicant, George C. Freeman. The Mercury Aviation Company petitioned this court for a writ of review, claiming that a larger credit should have been allowed on account of the one hundred per cent weekly payments which it made to the employee continuously from the date of the injury until the time of his discharge.

[1] An employer cannot escape the payment of compensation for a permanent partial disability solely upon the ground that the employee returned to work prior to the termination of the period covered by the payments and for the same wages received by him before the injury. (*Frankfort Gen. Ins. Co.* v. *Pillsbury*, 173 Cal. 56, [159 Pac. 150]; *Gabriel* v. *Northwestern P. R. R.*, 2 Ind. Acc. Com. 166.) It is claimed, however, that, inasmuch as the employee did not in fact earn the full weekly payments received by him after the impairment to his arm, these sums, or at least some considerable portion thereof, were not paid in return for labor and must be regarded as payments of compensation due under the Workmen's Compensation, Insurance and Safety Act.

Subdivision "g" of section 11 of the Workmen's Compensation Insurance and Safety Act of 1917 (Stats. 1917, pp. 831, 842), provides: "Any payment, allowance or benefit received by the injured employee during the period of his incapacity . . . which by the terms of this act was not then due and payable . . . shall not, in the absence of any agreement, be construed to be an admission of liability for compensation on the part of the employer, or the acceptance thereof as a waiver of any right or claim which the employee or his dependents may have against the employer, but any such payment, allowance or benefit may be taken into account by the commission in fixing the amount of the compensation to be paid." Conceding, then, that the record in the present case shows that the thirty-five dollar weekly payments exceeded the actual value of the services rendered by the employee subsequent to his injury, nevertheless the employer cannot insist upon a credit for any sums paid as pure

gratuities from benevolent motives and not paid and accepted with the understanding that they constituted payments of compensation under the provisions of the Workmen's Compensation Act. (*Blackford* v. *Green*, 87 N. J. L. 359, [94 Atl. 401]; affirmed, 89 N. J. L. 357, [100 Atl. 1069].) [2] Under the provisions of section 11, subdivision "g," of the Workmen's Compensation Act of 1917, quoted above, where payments have been made by the employer during the period of incapacity without any agreement between the parties as to the application of the same, the commission may take the voluntary payments into consideration to the extent that it sees fit in fixing the amount of compensation, but the employer cannot complain if the commission declines to make deductions on account of such payments. In the instant case it is admitted that there was no express agreement that the payments were made in discharge of any legal liability of the employer. The petitioner elected to pay thirty-five dollars a week for the five weeks during which the employee was totally incapacitated, although the liability imposed by the act was only $20.83 for four weeks of that period. The re-employment of the injured employee was entirely optional with petitioner, just as it was optional with the employee to continue working, and, likewise, the amount of wages was a matter for the determination of the parties. [3] Inasmuch as petitioner chose to continue full payments during the period of total disability in the absence of any agreement and, thereafter, to accept services from the employee and make regular payments to him without any understanding that the services rendered were not worth the sums paid and that some portion thereof was paid as compensation, it is not entitled, as a matter of legal right, to insist upon the deduction of the payments from the amount of the award. (*De Zeng Standard Co.* v. *Pressey*, 86 N. J. L. 469, [92 Atl. 278]; affirmed, 88 N. J. L. 382, [96 Atl. 1102].)

The extent to which the payments should be considered, if at all, was entirely in the discretion of the commission. It was logical for the commission to deduct the amount of compensation payable during the period of total disability to offset the payments made by the employer when it received no return whatever from the employee. There was no abuse of discretion in the refusal of the commission to

credit the employer with the amount by which the payments actually made during the period of total disability exceeded the payments called for by the act, nor in refusing to make any allowance for payments made after the employee returned to work.

The award is affirmed.

Wilbur, J., Lawlor, J., Sloane, J., and Angellotti, C. J., concurred,

SHAW, J., Dissenting.—I dissent.  I am not able to see why, in reason and justice, the voluntary payments by the employer to the employee on account of his injury should not be set off against the forced contribution imposed by the law on the employer for his benefit.  Such kindness should rather be encouraged than discouraged.

Olney, J., concurred.