[Civ. No. 31869.   Second Dist., Div. Five.   Jan. 31, 1968.]

WILLIAM R. MILLER, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, DAY AND NIGHT MANUFACTURING CORPORATION et al., Respondents.

Weinstein, Shelley & Proctor and Robert R. Shelley for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Nathan Mudge, Rupert A. Pedrini, Weingand, Kendig & Stockwell and David B. Allen for Respondents.

McCOY, J. pro tem.*—Applicant, a spot welder, born 1908, seeks review and annulment of orders of the Workmen's Compensation Appeals Board on three of four claims which were consolidated for hearing.

On April 27, 1966, the applicant filed a claim alleging industrial injury to his hip and back in December 1956 (No. 5161). On April 27, 1966, the applicant also filed a second claim (No. 5162) alleging industrial injury to his back on September 19, 1957, and that the last date of treatment by the employer was on April 11, 1966. The applicant sought permanent disability and medical-legal costs. On June 16, 1966, applicant filed two additional claims. In one (No. 5628) he alleged cumulative injury from September 24, 1957, through June 10, 1966. The dates were later amended to read "September 19, 1957 to October 6, 1966." In the other (No. 5627) he alleged that he sustained injury to his back between May 20 and May 25, 1965.

After hearing the referee found: that the applicant sus-

tained injury in 1956 but the injury caused no temporary disability in excess of seven days and no ratable permanent disability; that the applicant sustained the injury alleged in 1957 which caused intermittent periods of temporary disability through May 10, 1958, for which he had been adequately compensated and 21½ percent permanent disability and the claim was not barred by the statute of limitations; that applicant sustained cumulative injury during the period from September 19, 1957, through October 6, 1966, which caused no temporary disability in excess of seven days and permanent disability of 12¼ percent after apportionment; that applicant sustained injury during the period from May 20 through May 25, 1965, which caused no temporary disability in excess of seven days and permanent disability of 6 percent after apportionment. He found that the injury of 1957, the cumulative injury between 1957 and 1966, and the injury of 1965 each might require further medical treatment. Awards issued accordingly. The award for the cumulative injury was against Travelers Insurance Company and Liberty Mutual Insurance Company, jointly and severally, the first being the carrier after December 31, 1962, and the latter being the carrier before that time.

The insurance carriers sought reconsideration of the last three claims. Liberty Mutual contended that there was no competent evidence to sustain a finding of a repetitive trauma and that the furnishing of any medical treatment by the employer without its knowledge after it ceased to be the carrier could not act as a waiver of the statute of limitations as to it. Travelers contended that petitioner's back disability continued without change during the period of its coverage and it was therefore not liable for any of his disability.

After reconsideration on April 28, 1967, the appeals board issued the orders now questioned. It made no finding regarding the injury of 1957 except that it was barred by the statute of limitations. It found that applicant did not sustain the claimed cumulative injury. It found that applicant sustained injury between May 20 and May 25, 1965, which caused no temporary disability in excess of seven days and 6 percent permanent disability after apportionment, and applicant may require further medical treatment to cure or relieve from the effects of this injury. It ordered that applicant take nothing in respect to the claim of injury in 1957 and on the claim of cumulative injury. It issued an award for the injury of 1965.

In a written opinion covering all three cases the appeals

board stated in pertinent part: "It is our opinion that the evidence does not justify a finding that the treatment received by applicant from defendant employer in June of 1966 was provided because of the alleged injury of September 19, 1957. It is noted that applicant had several additional incidents involving his back between the dates of injury and the date of treatment in June of 1966. Even assuming such treatment was in fact furnished by defendant employer, the relationship of insurer/insured had terminated and defendant carrier could not be deprived of its rights to the defense of the statute of limitations by unauthorized conduct of the employer. See *Beverly* v. *IAC*, 14 IAC 240. . . . It is our opinion that the medical reports in evidence, including the report of Donald I. Matern, M.D., dated November 8, 1966, indicate that applicant's disability results from specific incidents occurring before 1958 and from the injury of 1965 which is the subject matter of Case No. 66 POM 5627. In his report, Doctor Matern states that he believes that 80 per cent of applicant's difficulties are due to an accident occurring some time in 1958 and that the remaining 20 per cent is attributable to the injury of 1965."

It is conceded that the applicant was furnished some medical treatment between September 19, 1957, and October 1959 by Liberty Mutual Insurance Company and that through the years, as reflected by the employer's in-plant medical records, he was treated by the plant nurse regularly and frequently for numerous complaints to his back. It appears that on three occasions in 1958, two in 1959, one in 1960, and one in 1961 he reported back pain and received treatment. He complained on March 12, 1963, and continued to report to the nurse for heat treatments at intervals until June 1, 1966. On May 24, 1966, he reported that his old back brace was worn out. In June 1966 he was referred by the plant nurse to Dr. Matern for X-rays and examination. On November 8, 1966, Dr. Matern recommended against back surgery finding that the applicant was getting along fairly well and able to carry out light duties. Dr. Matern further reported "The very difficult question of apportionment arises in this patient and I certainly cannot do any more than try to give a reasonably certain guess as far as a reasonable medical certainty is concerned. As far as his injury of 1957 is concerned, I suspect this probably recovered sufficiently so that he is having no further difficulties. In 1958 he probably injured his back which started the whole series of subsequent events and probably most of his

494

subsequent troubles should be attributed to the injury of 1958 when he was lifting and rolling the boiler. Then again in the spring of 1965 he was probably doing heavier work than he should have been doing and injured himself once again. I think most of his troubles began in 1958. Probably 80% of his difficulties are due to that accident with some aggravation in the spring of 1965. I am sure you can get any number of different opinions concerning this apportionment.''[1]

The applicant testified that he had not been free from symptoms since he slipped and fell on a piece of wet steel in September 1956. In September 1957 he injured his back in lifting a 100-gallon tank; his difficulties increased after October 1958 when his job involved handling boilers on an automatic welder; in 1960 he twisted his back when he stepped in a hole; and in May 1965 he handled 50-gallon boilers for several days which caused increased pain and it was never returned to its prior condition. It appeared that one doctor had reported in February 1959 that the applicant had completely recovered from the injury of 1957 by December 18, 1958.

Petitioner contends that, in view of the evidence that he was repeatedly subjected to episodes of strain and pain, the appeals board acted unreasonably and in excess of its powers in finding that he did not sustain cumulative injury. He further contends that in view of the fact that the medical evidence establishes that the employer furnished treatment for his back throughout the years as late as June 1966, the appeals board acted unreasonably and in excess of its powers in finding that his claim for injury on September 19, 1957, was barred by the statute of limitations. He further contends that because the board found that he sustained only two industrial injuries and the 1965 injury represented 20 percent of his back disability, it acted unreasonably and in excess of its powers in allowing only 6 percent permanent disability after apportionment for the 1965 injury.

The question before us is whether a series of injuries is to be regarded by the board as a continuous cumulative injury or as separate and independent injuries. Here the board rejected the view that applicant's injury was cumulative, and found that he had suffered specific injuries in 1957 and 1965. We think that this decision was erroneous.

[1]It appeared from the medical reports that the applicant had, on his examination by Dr. Matern, inadvertently referred to the injury of 1956 as being in 1957 and the injury of 1957 as being in 1958.

In our opinion the board should have considered applicant's claims based on the specific injury of September 19, 1956, and on the specific injury of May 20 to 25, 1965, as a part of his claim for cumulative injury beginning September 19, 1957. As the court said in *Beveridge* v. *Industrial Acc. Com.*, 175 Cal.App.2d 592, 594-595 [346 P.2d 545]: "We think the proposition irrefutable that while a succession of slight injuries in the course of employment may not in themselves be disabling, their cumulative effect in work effort may become a destructive force. The fact that a single but slight work strain may not be disabling does not destroy its causative effect, if in combination with other such strains, it produces a subsequent disability. The single strand, entwined with others, makes up the rope of causation. The fragmentation of injury, the splintering of symptoms into small pieces, the atomization of pain into minor twinges, the piecemeal contribution of work-effort to final collapse, does not negate injury. The injury is still there, even if manifested in disintegrated rather than in total, single impact. . . ."

The board was also in error in holding that the claim based on the September 19, 1957, injury was barred by the statute of limitations. That claim was filed April 27, 1966. Standing alone, that claim was barred. However, on June 16, 1966, applicant filed his claim for cumulative injury from September 19, 1957, the date of the specific injury, to June 10, 1966. That claim, of course, was not barred. In the recent case of *Dow Chemical Co.* v. *Workmen's Comp. Appeals Board,* [a]67 Cal.2d 483, the court said (p. 493 [62 Cal.Rptr. 757, 432 P.2d 365]): ██ "For purposes of applying the statute of limitations the courts and the board have accepted the date when the employee is disabled as the date when the cumulative injury occurs. (*Beveridge* v. *Industrial Acc. Com., supra,* 175 Cal.App.2d 592, 595; *Fidelity & Cas. Co.* v. *Industrial Acc. Com.,* 9 C.C.C. 294, 295.) 'In reality the only moment when such injury can be visualized as taking compensative form is the date of last exposure, when the cumulative effect causes disability.' (Tobriner, J., in *Beveridge* v. *Industrial Acc. Com., supra,* 175 Cal.App.2d 592, 595.) "[2]

[2]In *Dow Chemical Co.* v. *Workmen's Comp. Appeals Board,* 67 Cal. 2d 483 [62 Cal.Rptr. 757, 432 P.2d 365], the applicant filed three claims for disability benefits. The first related to a specific injury in 1949, the second to a specific injury in 1960, and the third to a specific injury in 1961. Defendants in the last two were Dow Chemical, its insurer, and the State Subsequent Injuries Fund. During the hearing on the consolidated claims the referee, at the suggestion of one of the examining

In disposing of the issues there involved, the court in *Dow Chemical* said (p. 494) that ''If the board is permitted to carve up the cumulative injury into segments the result would be unfair'' to the applicant. The evidence here shows that the applicant sustained numerous insults to his back throughout the period of time covered by all his claims, and that throughout that time he received treatments for his back until at least June 1966. Whether these insults are considered to be a series of specific injuries or an initial injury followed by cumulative injury, it is unreasonable to conclude that the claim of the applicant for permanent disability resulting from the 1957 injury is barred by the statute of limitations. █ A further error is apparent in the determination of the apportionment of 6 percent to the aggravation in May 1965. This percent was assigned by the referee at the time he issued an award on all three claims. He obtained a rating of the applicant's present permanent disability and then apportioned it at 21½ percent to the 1957 injury, 12¼ percent cumulative injury, and 6 percent to the 1965 injury. When the board reversed the awards for the first two injuries it indicated that it found only two injuries, that of 1957 and of 1965. Without any reconsideration of the apportionment, it simply adopted the 6 percent which had been apportioned by the referee on the basis of three injuries. The appeals board now contends that the applicant did not object to the 6 percent rating and therefore cannot raise it on review. Here again is an example of why claims of cumulative disability which overlap claims of specific injuries must be considered as one cause of action and completely determined in one proceeding. The applicant was not aggrieved by the referee's decisions and obviously had no reason to raise the point by a petition for reconsideration.

█ We think that under the rationale of *Beveridge* and *Dow Chemical* the board should have viewed the specific injury of September 19, 1957, as the first of the many exacerbations causing the cumulative injury, and should have taken

doctors, continued the hearing so that the applicant could file an additional claim on the basis of the *Beveridge* doctrine. Such a claim was filed, alleging cumulative injury from 1946. At the conclusion of the hearing the referee made findings on each of the four claims. Reconsideration by the board was requested only by the applicant and Dow Chemical on the claim for cumulative injury, at which time the applicant applied for benefits against the Subsequent Injuries Fund. In its final decision the board concluded, among other things, ''that the specific injuries in 1960 and 1961 should properly be viewed merely as two of the numerous exacerbations causing the cumulative injury.'' (P. 489.)

that injury into consideration in determining whether the applicant sustained a cumulative injury which had its inception on that date. In our opinion the evidence compels a finding that the claim for benefits based on the specific injury of September 19, 1957, was not barred by the statute of limitations.

The order here under review is annulled with directions to the board to redetermine the three claims involved in one proceeding as a claim for disability benefits for cumulative injury commencing September 19, 1957.

Kaus, P. J., and Hufstedler, J., concurred.

The petitions of the respondents Workmen's Compensation Appeals Board and Liberty Mutual Insurance Co. for a hearing by the Supreme Court were denied April 10, 1968.