[L. A. No. 29606. In Bank. June 18, 1969.]

DANIEL A. HERRERA, Petitioner, v. WORKMEN'S COMPENSATION APPEALS BOARD, GOLETA LEMON ASSOCIATION et al., Respondents.

Ghitterman, Spielman & Steele and Allan S. Ghitterman for Petitioner.

Everett A. Corten, Edward A. Sarkisian, Rupert A. Pedrin, Nathan Mudge, T. Groezinger, Loton Wells and G. K. Bogue for Respondents.

McCOMB, J.—Petitioner sustained industrial injury on January 5, 1965, while employed by respondent Goleta Lemon Association. Said employer was insured by respondent State Compensation Insurance Fund for workmen's compensation liability. The injury caused disability from September 19, 1966, to November 19, 1966, during which time respondent employer paid petitioner his full salary of $475 per month.

On January 30, 1967, pursuant to proceedings held herein, the trial referee issued Findings and Award, wherein it was found, among other things, that said injury caused temporary total disability from September 19, 1966, through November 19, 1966; and an award was made in favor of petitioner against respondent insurance carrier for reimbursement for self-procured medical treatment, together with temporary disability indemnity in the amount of $567.92.

Thereafter, respondent employer and respondent insurance carrier jointly petitioned for reconsideration, which was granted. They sought reconsideration on the ground that during the two months petitioner was off from work respondent employer paid him his full wages and that in being awarded temporary disability for this period petitioner was, in effect, being awarded a double recovery, which is not permissible under the law.

On September 12, 1967, respondent appeals board vacated the Findings and Award of January 30, 1967, and found that petitioner sustained injury to his right foot arising out of,

and in the course of, his employment, but that the injury caused no cómpensable wage loss. It made an award limiting petitioner's recovery to reimbursement for his self-procured medical treatment.

The reasoning of respondent appeals board, as stated in the opinion of the majority on reconsideration, was that "When wages are continued even during a period of an employee's temporary total disability, the employee suffers no wage loss. . . ." It was further stated: "Evidence Code Section 631 states 'Money delivered by one to another is presumed to have been due the latter.' There is nothing in the record to rebut this presumption. Further, common sense dictates that continued salary to an employee even during a period of absence because of disability is not intended merely as a gift."

■ A "disability" under the Workmen's Compensation Law connotes an inability to work. ■ Where an employee has been temporarily disabled by an industrial injury, he is considered temporarily *totally* disabled if he is unable to earn any income during the period when he is recovering from the effects of the injury. ■ For such a disability, the employee's disability payments are based on his earning capacity, the statute providing that the payment is 65 percent of his average weekly earnings. (Lab. Code, § 4653.) ■ An employee is considered temporarily *partially* disabled if he is able to earn some income during his healing period but not his full wages. ■ The disability payment in such event is 65 percent of the employee's weekly wage loss. (Lab. Code, § 4654; cf. *Allied Comp. Ins. Co.* v. *Industrial Acc. Com.*, 211 Cal.App.2d 821, 831 [27 Cal.Rptr. 918] ; see California Workmen's Compensation Practice (Cont. Ed. Bar 1963) §§ 16.16, 16.17, p. 499.)

■ In the present case, petitioner was temporarily totally disabled for a period of two months. He was therefore entitled, during the period of his disability, to 65 percent of his average weekly earnings. However, since respondent employer paid him the full amount of his wages while he was disabled, he received substantially larger sums from the employer than the amount of disability payments to which he was entitled.

There was no agreement that any part of the wage payments made to petitioner by respondent employer constituted disability payments. He contends that the wage payments were therefore gratuitous payments and cannot be considered

as having been made in satisfaction of the obligation of the employer and respondent insurance carrier to make disability payments.

■ Under section 4909 of the Labor Code, the allowance of credit for wage payments voluntarily made by an employer with no agreement as to their purpose is within the appeal board's discretion. (See *Mercury Aviation Co. v. Industrial Acc. Com.*, 186 Cal. 375, 378 [199 P. 508].) ■ In the present case, the appeals board in effect found that the payments made by respondent employer to the injured employee constituted nongratuitous wage payments and allowed credit for payments made by respondent employer to the extent indemnity payments were due.

In thus exercising its discretion, the appeals board was following its established policy to allow credit to the employer when wage payments are made to an employee during a period of total disability with no agreement as to their purpose. Such policy is set forth in *Stan v. California Golf Club*, 8 Cal.Comp. Cases 209, as follows: "The Commission has held and the courts, without a single exception, have sustained us in the position that, following an industrial injury and during total disability in the absence of an agreement to the contrary, any payments of wages, either in whole or in part, constitutes compensation at least to the extent disability indemnity is payable, and therefore tolls the statute of limitations as against the injured employee.

"  .    .    .    .    .    .    .    .    .    .    .

"This policy is definitely in the interest of justice to the injured employee and should not be disturbed. We should not now, *without anything in evidence to indicate that the payment of wages was intended as a gift or gratuity,* contend that such payment was not compensation and that the employer or his representative is entitled to no credit therefor." (Italics added.)

■ Petitioner is asserting a right to recover the amount of the disability payments from respondent insurance carrier, rather than from respondent employer. However, section 3754 of the Labor Code provides: "Payment in whole or in part of compensation by either the employer or the insurer shall, to the extent thereof, be a bar to recovery against each of them of the amount so paid." Accordingly, since respondent employer has already paid petitioner the amount of the disa-

bility payments due him, he is not entitled to hold respondent insurance carrier for the same.[1]

█ If, after having received full wages during the period of his disability, petitioner were permitted to recover, in addition, the amount of the disability payments to which he was entitled, he would be given double payment for a single injury.[2] Under such circumstances, an incapacitated employee performing no services would receive a larger payment than one rendering services. To interpret the statute as permitting such double recovery would not be reasonable. (Cf. *Evans* v. *Los Angeles Ry. Corp.*, 216 Cal. 495, 498 [14 P.2d 752].) Rather, as stated in *State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 43 Cal.App.2d 233, 235 [2] [110 P.2d 510], "under the workmen's compensation laws an injured employee should not receive, in an ordinary case, greater compensation than his wages would have been had he not been injured."

Although it is conceded that petitioner's disability during the period September 19, 1966, through November 19, 1966, was a total disability, the findings after reconsideration do not so characterize it. However, in its opinion after reconsideration respondent appeals board, in explaining the reasons

---

[1]It should be noted, incidentally, that respondent employer is not claiming credit for anything other than the amount of the disability payments to which petitioner was entitled, even though it made substantially larger payments to him.

[2]Where an employer pays an injured employee his full salary during the period of his disability, and the employee then seeks to recover indemnity payments from the employer's insurance carrier, double recovery can be avoided by granting a lien to the employer for payments to be made to the employee as indemnity payments. To the extent that a lien is granted, *the carrier* cannot avoid liability by claiming that the employee has suffered no compensable wage loss. Such a lien may appropriately be granted on the appeal board's own motion if there appears to be any question of the carrier's willingness to make the proper adjustment with the employer. (Lab. Code, § 4905; see *Stan* v. *California Golf Club, supra*, 8 Cal.Comp. Cases 209, 210.)

In the present case, there is some indication in the record that the employee agreed to reimburse respondent employer for any amounts ordered paid to him by respondent insurance carrier as disability indemnity payments. The transcript of the proceedings before the referee does not show any such agreement, but in a letter written by the referee to respondent insurance carrier two weeks after the hearing, it is stated: "It is also my opinion that whatever payments are made to applicant by defendant carrier must be turned over to the defendant employer and, as I recall, the applicant agreed to this reimbursement at the hearing."

The referee's award, however, was not so limited, and it would appear that the question of an adjustment between respondent employer and respondent insurance carrier for moneys expended has not been made an issue herein, and the determination thereof is not necessary to a disposition of the employee's claim.

for its award, refers to petitioner's disability as a "temporary total disability."

Petitioner argues that under the express terms of sections 4653 and 4654 of the Labor Code "loss in wages" is the criterion only when there has been a temporary *partial* disability and that respondent appeals board erred in denying disability payments to him on the ground that the injury had caused no compensable wage loss.

It is true, as pointed out by petitioner, that by the language of section 4654 an employee's disability benefits for a temporary *partial* disability are based on a percentage of his loss in wages, whereas by the terms of section 4653 disability benefits for a temporary *total* disability are based on a percentage of the employee's average weekly earnings, rather than a percentage of his loss in wages. However, this is obviously because the employee's loss in wages during a period of temporary *total* disability must equal 100 percent of his earnings; otherwise the disability would not be regarded as a *total* one.

Since it was found, in effect, that petitioner was temporarily totally disabled for a definite period of time and that respondent employer paid him his full wages for said period, the board's action in denying him temporary disability indemnity herein was proper.

The award is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.