[Civ. No. 40496. Second Dist., Div. Five. Mar. 7, 1973.]

ALFRED P. CHAVEZ, Petitioner, v.
WORKMEN'S COMPENSATION APPEALS BOARD,
McDONNELL DOUGLAS CORPORATION et al., Respondents.

6

---

## COUNSEL

Cantrell & Green and Richard J. Cantrell for Petitioner.

Yale I. Jones as Amicus Curiae on behalf of Petitioner.

Samuelsen, Bolson, Whitehead & Benes, William A. Parsons, Mansell & Giddens and Joseph P. Rebeck for Respondents.

---

## OPINION

**STEPHENS, J.**—Petitioner Alfred P. Chavez seeks a writ of review to inquire into and determine the lawfulness of the opinion and order granting reconsideration, and the decision after reconsideration dated May 15, 1972, filed in proceedings before the Workmen's Compensation Appeals Board.

Petitioner was an employee of McDonnell Douglas Corporation from February 5, 1951, through March 3, 1970, when he sustained injury to his back due to cumulative trauma arising out of and occurring in the course of his employment. The first date of disability was March 4, 1970. The first date petitioner was aware of the industrial relationship of the injury was in July 1971, and he filed his claim on July 15, 1971. While we state the above to be the facts (and they certainly appear to be substantiated by the record), the order of the board from which this petition springs fails to make any finding relative to petitioner's employment or injury. The result is that the board has determined that even assuming the allegations (which we have set forth above as facts) to be true, petitioner's claim is barred because he filed it more than one year after March 4, 1970. We disagree.

In our analysis, we consider the pertinent Labor Code sections in the order of placement within that code:

Section 3202 states: "The provisions of Division 4 and Division 5 of this code shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment."

Section 3208 then defines the term "injury": " 'Injury' includes any injury or disease arising out of the employment, . . ."

Section 3208.1: "An injury may be either: (a) 'specific,' occurring as the result of one incident or exposure which causes disability or need for medical treatment; or (b) 'cumulative,' occurring as repetitive mentally or physically traumatic activities extending over a period of time, the combined effect of which causes any disability or need for medical treatment; provided, however, that the date of cumulative injury shall be the date of disability caused thereby." The legislative committee comment[1] (set forth immediately following the section as printed in the Labor Code) states: "To nullify the effect upon the law of Workmen's Compensation of certain recent decisions of the Court of Appeal and of the Supreme Court, including Dow Chemical Co. vs. Workmen's Compensation Appeals Board, 67 AC 488, DeLuna vs. Workmen's Compensation Appeals Board, 258 ACA 271, Miller vs. Workmen's Compensation Appeals Board, 258 ACA 589, and Fruehauf Corporation vs. Workmen's Compensation Appeals Board, 252 ACA 600, this section declares that one incident or one exposure which produces any disability or need for treatment is a specific injury, that 'cumulative injury' consists of repetitive traumatic activities

---

[1]1968; effective January 1, 1969. Cited from West's Annotated Codes.

extending over a period of time, the combined effect of which causes any disability or need for treatment, and declares that the date of a cumulative injury is the date when any disability is caused thereby." Though there has been argument that the reference to the appellate court opinion in *Fruehauf* ("252 ACA 600") (now found in 60 Cal.Rptr. 718) is incorrect, our conclusion is that the reference was intended to be to the opinion at the citation given, and not to the Supreme Court's opinion in that same case. The Supreme Court opinion is found at 68 Cal.2d 569. The tying thread between the referred-to cases is whether a "specific" injury may be merged into and constitute a part of a subsequent "cumulative" injury.[2] It is also true that these cases deal with "cumulative" back

---

[2]Swezey, *Repetitive Trauma as Industrial Injury in California* (1969-70) 21 Hastings L.J. 631, 639-641 states: ". . . Despite earlier clear statement by the [IAC] [James v. Vanion, 28 Cal.Comp.Cases 28, 31 1963], and the supreme court in *Dow Chemical Co.* v. [*WCAB*, 67 Cal.2d 483, 492 (62 Cal.Rptr. 757, 432 P.2d 365)] that a specific injury which caused definable disability should not be submerged in a repetitive trauma claim, a division of the court of appeal held in *DeLuna* v. [*WCAB*, 258 Cal.App.2d 199 (65 Cal.Rptr. 421)] that specific injuries occurring during the period of a cumulative injury become a part of the cumulative injury. Furthermore, the court held that although an applicant's filing of a claim of specific injury and a claim of cumulative injury covering the same period of time was not objectionable, he could not recover an award on both claims. A week later the same division held in *Miller* v. [*WCAB*, 258 Cal.App.2d 490 (65 Cal.Rptr. 835)] that a specific injury which would otherwise have been barred by the statute of limitations was merely the first of many exacerbations contributing to a cumulative injury having its inception on that date. The supreme court denied a hearing in each case.[*] Thereafter, the appeals board considered it to be the law that any specific injury occurring at the beginning of, during, or at the end of a period of cumulative injury merges into the cumulative injury and, therefore, a separate application filed for the specific injury should be dismissed. [*Liberty Mut. Ins. Co.* v. *Workmen's Comp. App. Bd.*, 34 Cal. Comp.Cases 90 (1969).]

"The legislative response to the *Miller* and *DeLuna* cases was prompt. [9 Santa Clara Law. 156, 157 (1968).] Within a year, section 3208.2 was added to the Labor Code . . . . Labor Code section 5303 was amended . . . .

"Although these amendments would appear to be procedural, and although the supreme court, when squarely faced with the inconsistency between the *Dow Chemical* case and the *Miller* and *DeLuna* cases, may well disapprove the latter, it has been held that the amendments are not retroactive and that the *Miller* and *DeLuna* doctrine of merger is applicable to all cumulative injuries occurring before 1969. [*State Comp. Ins. Fund* v. *WCAB*, 1 Cal.App.3d 812 (82 Cal.Rptr. 102).]" (Fns. omitted.)

It should be noted that the author was the same in both *DeLuna* and *Miller*, and was of the view that he was following the principle announced in *Dow Chemical*. (See 9 Santa Clara Law. 159, quoted from in fn. 8, *infra*.) Interesting also is the fact that it was that same author who wrote the Court of Appeal opinion in

---

[*]In *People* v. *Triggs* (1973) 8 Cal.3d 884 [106 Cal.Rptr. 408, 506 P.2d 232], the Supreme Court stated: "Preliminarily we declare that our refusal to grant a hearing in a particular case is to be given *no* weight insofar as it might be deemed that we have acquiesced in the law as enunciated in a published opinion of a Court of Appeal when such opinion is in conflict with the law as stated by this court."

injuries which in *Fruehauf* (Supreme Court opinion) were found to be within the sphere of "occupational disease" within the meaning of section 5412, thus starting the time for running of the statute of limitations at disability plus knowledge of industrial connection. The Legislature did not specifically exclude, as it readily could have, "cumulative injury" from "occupational disease"; rather, it affirmed that construction while at the same time it concerned itself with the misconceived *DeLuna* theory of merging specific injuries or separable cumulative injuries. Section 3208.2 expresses the intent of the Legislature. It states: "When disability, need for medical treatment, or death results from the combined effects of two or more injuries, either specific, cumulative, or both, all questions of fact and law shall be separately determined with respect to each such injury, including, but not limited to, the apportionment between such injuries of liability for disability benefits, the cost of medical treatment, and any death benefit."[3]

In addition to adding new sections 3208.1 and 3208.2, the Legislature amended section 5303; again, there is a legislative committee comment relative to the purpose and intent of the amendment;[4] we set forth both the section and the comment (from West's Annotated Codes): Section 5303: "There is but one cause of action for each injury coming within the provisions of this division. All claims brought for medical expense, disability

---

*Fruehauf*, which was overturned on the point that "[i]n such [cumulative trauma] cases the date of the employee's knowledge that the disability was caused by his present or prior employment is not the controlling factor that it is in cases of occupational disease." In other words, while the Court of Appeal opinion found that a cumulative injury was not an occupational disease, the Supreme Court held (and we construe § 3208.1 to establish) that it is.

[3]Thus, we see that by section 3208.1, "injuries" are divided into two classes: (1) "specific" and (2) "cumulative," and the date of each is fixed. Section 3288.2 makes clear that liability will fall upon the responsible employer and his carriers for *each separate injury*. Further, the Legislature, in its determination to make clear beyond question its intent, left unchanged section 4750: "An employee who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment.

"The employer shall not be liable for compensation to such an employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed." (For the importance of this section relative to the Subsequent Injuries Fund, see *Brown* v. *Workmen's Comp. Appeals Bd.*, 20 Cal.App.3d 903, 913-914 [98 Cal.Rptr. 96]; *Argonaut Ins. Co.* v. *Workmen's Comp. App. Bd.*, 15 Cal.App.3d 436 [93 Cal.Rptr. 65].)

[4]Interesting and informative also is the historical note set forth in the same code following the legislative comment: "The 1947 amendment, in both the first and the second sentences, substituted 'injury' for 'transactions.' [¶] The 1965 amendment substituted 'appeals board' for 'commission.' [¶] The 1968 amendment added the proviso."

payments, death benefits, burial expense, liens, or any other matter arising out of such injury may, in the discretion of the appeals board, be joined in the same proceeding at any time; provided, however, that no injury, whether specific or cumulative, shall, for any purpose whatsoever, merge into or form a part of another injury; nor shall any award based on a cumulative injury include disability caused by any specific injury or by any other cumulative injury causing or contributing to the existing disability, need for medical treatment or death."

Legislative committee comment — 1968: "To nullify the effect upon the law of Workmen's Compensation of certain recent decisions of the Court of Appeal and of the Supreme Court, including Dow Chemical Co. vs. [WCAB], 67 AC 488, DeLuna vs. [WCAB], 258 ACA 271, Miller vs. [WCAB], 258 ACA 589, and Fruehauf Corporation vs. [WCAB], 252 ACA 600, the amendment of this section declares that no injury, whether specific or cumulative, shall, for any purpose whatsoever, merge into or form a part of another injury and that no award based on a cumulative injury shall include disability caused by any specific injury or by any other cumulative injury which caused or contributed to the existing disability, need for medical treatment or death."

Finally, we reach the sections on limitations within which a claim may be filed; these three sections (5405, 5411, and 5412) were left unchanged in 1968: Section 5405: "The period within which may be commenced proceedings for the collection of the benefits provided by Articles 2 or 3, or both, of Chapter 2 of Part 2 of this division is one year from: (a) The date of injury; or (b) The expiration of any period covered by payment under Article 3 of Chapter 2 of Part 2 of this division; or (c) The date of last furnishing of any benefits provided for in Article 2 of Chapter 2 of Part 2 of this division." We are concerned only with subdivision (a). Section 5411: "The date of injury, except in cases of occupational disease, is that date during the employment on which occurred the alleged incident or exposure, for the consequences of which compensation is claimed." Section 5412: "The date of injury in cases of occupational diseases is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that said disability was caused by his present or prior employment."

With this background, we answer the question as to within which of the above two limitation periods petitioner here had to file his claim or be barred from the benefits provided by the provisions of the workmen's compensation law. It is our opinion that the time petitioner Chavez had to file his claim commenced to run from the time he "knew, or in the exercise of reasonable diligence should have known, that [his]

disability was caused by his present or prior employment," and that his cumulative injury was the result of an occupational disease. (*Fruehauf Corp.* v. *Workmen's Comp. App. Bd.,* 68 Cal.2d 569 [68 Cal.Rptr. 164, 440 P.2d 236]; see also, *Chambers* v. *Workmen's Comp. App. Bd.,* 69 Cal.2d 556 [72 Cal.Rptr. 651, 446 P.2d 531]; Hanna, Cal. Law of Employee Injuries and Workmen's Comp. (2d ed.), § 11.03[5], subds. [f] and [g].) The conclusion we reach finds validity and purpose in each of the sections with which we necessarily are here involved. We find no need to declare, nor do we observe, any conflict between the sections, by literal reading or by reason.[5] Section 3202 refers to "injury" only. Section 3208 defines "injury" to be "any injury or disease." In sum, it includes within the definition of "injury" any event or happening which causes a disability and which arises out of the employment; that is, industrially occasioned. (*Beveridge* v. *Industrial Acc. Com.,* 175 Cal.App.2d 592, 597-598 [346 P.2d 545]: "The cases hold that 'A disease which, under any *rational work,* is likely to progress so as finally to disable the employee, does not become a "personal injury" under the act merely because it reaches the point of disablement while work for a subscriber is being pursued. It is only when there is a direct causal connection between the exertion of the employment and the injury that an award of compensation can be made. *The substantial question is whether the diseased condition was the cause, or whether the employment was a proximate contributing cause.'* ") Section 3208.1 clarified the more general definition, not by a different definition, but by dividing "injury" into two types: specific and cumulative. In addition, section 3208.1 settled any divergence of opinion as to the time the cumulative injury occurred: date of disability, rather than of initial exposure. (*Layden* v. *Ind. Indem. Co.,* 25 Cal.Comp.Cases 40; see also Herlick, Cal. Workmen's Compensation Law, 276-277.) Thus, we see that "injury" includes disease which may be infectious, contagious, or the product or aggravation of a discogenic disease. "The injury which occurs in a case of occupational disease may represent the culmination of thousands of *insignificant insults to a particular part of the body over a period of years,* no one of which is responsible for the final result except in conjunction with all of the others. The end result is an injury of which the employee himself usually does not become aware until after he has become disabled. Because of this situation, it is the rule that the date of injury in cases of occupational disease is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that his disability was caused by the conditions of his

---

[5]This is in accord with the general obligation of judicial construction, where equally reasonable construction is available, to adopt that which makes needless the declaration of voidness of any statute.

current or past employment." (Fns. omitted; italics ours.) (Hanna, Cal. Law of Employee Injuries and Workmen's Compensation, § 11.01[2].) The time of occurrence is as specified in section 3208.1 relative to cumulative exposures; it is the gradual and insidious detrimental inroad to the health of the workman, be it by "injury" or "disease," and dates from disability therefrom.[6] Section 3208.1, subdivision (b) must include disease as "traumatic activities." Nowhere in that subdivision is there any reference to "disease"; hence, either a "disease" occurs under subdivision (a) as a "specific" incident or exposure, or under (b) as a consequence of traumatic activities extending over a period of time. Were we to adopt the theory of the board, particularly in light of the new and amended sections referred to, it would make a cumulative injury (whether by "disease" or not) a *specific* injury as of the date of disability. No such reading is reasonable. By a comparison with section 5411, which starts the limitation period running as of the "incident or exposure," we see that all disability which is occasioned by the cumulative nature of its invasion upon the health of the employee and occupationally induced is governed by section 5412 as an occupational disease, necessitating disability, or becoming symptomatic.[7]

---

[6] Other sections of the Labor Code not here directly involved confirm the "legislative intent" as we perceive it: Sections 3212 and 3212.5 specifically provide that, for those persons covered in those respective sections, the term "injury" includes hernia, heart trouble or pneumonia. Section 3212.6 includes within the term "injury," tuberculosis. In section 3213, the term "injury" includes heart trouble and pneumonia. (For a compilation of "diseases," see Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed.), ch. 11, § 11.03 et seq.; Larson, Workmen's Compensation Law, 593-613.)

[7] See *Layden v. Ind. Indem. Co., supra,* 25 Cal.Comp.Cases 40, 46: " 'Campbell on Workmen's Compensation contains the following language: "An occupational disease does not produce disability suddenly. On the contrary, this occurs gradually, and its onset cannot be fixed at any particular time by any single event. The physical condition resulting and not its nomenclature is the decisive factor in determining whether a so-called disease is the result of a compensable injury. A personal injury may be the direct and consequential result of the employment, although a condition may arise termed, in some connection, a disease." (Volume 1, page 329, 1935.)

" 'Campbell's comprehensive and finite work on compensation has enjoyed an authoritative status both with the courts and the Legislature. If the Legislature had in mind at the date of the enactment of Section 5412 any precise definition of occupational disease, certainly it may be deemed to have contemplated the definition set forth above.

" 'Sections 5411 and 5412 of the Labor Code should be taken to mean that wherever a working man suffers a compensable injury of an insidious character so that as of the date of injury or exposure he has no actual disability and neither knows or in the exercise of reasonable diligence should know that he has suffered such an injury, the statute of limitations will run from that date on which there is a concurrence of both disability and actual or constructive knowledge of job connection. The corollary of the foregoing rule is that where there is an overt injury with consequences that are immediately realized or realizable, the statute of limitations will then run from the date on which occurred the alleged incident or exposure. The foregoing interpretation of Section 5411 and Section 5412 is wholly consonant with the liberal construction of the compensation law enjoined by the Legislature, with the precedents

Within section 5412, there is the requirement of knowledge (i.e., that the employee knew, or in the exercise of reasonable diligence should have known) that the disability was caused by his present or prior employment. The end result of the action by the 1968 Legislature in its pronouncement in this field of workmen's compensation is that it affirmed the true holding of *Dow Chemical*[8] by disaffirming the misconception of *De Luna*

of the California courts over the past 30 years, and with the requirements of justice. It would be a lamentable interpretation of Sections 5411 and 5412 that would deprive the applicant in this case of workmen's compensation benefits on account of a tuberculosis that admittedly is work-induced, on a technical and illogical interpretation of Sections 5411 and 5412.' "

[8]As the comment in 9 Santa Clara Lawyer (1968-69) points out (at p. 159; fns. omitted): "The significance of *Dow Chemical* is that for purposes of the subsequent injuries statutes, the court will apply the principle of *Beveridge,* that a cumulative injury is deemed to have occurred on the date. of disability (here 1964) although, in reality, it occurred prior to such disability (here, 1946 to 1960). The court specifically declined to merge the 1960 and 1961 specific injuries into the cumulative injury. *Dow Chemical* apparently stands for a simple extension of the *Beveridge* principle in subsequent injury cases. Yet, later cases cite *Dow Chemical* as authority for conclusions inconsistent with the *Dow* rationale. Such authority is more imaginary than real."

"In *DeLuna* . . ., the employee suffered a specific injury on July 16, 1962. In 1966, he filed for compensation alleging the specific injury of 1962 and a cumulative injury dating from 1960 to 1966. The appeals board held that the specific injury suffered by the claimant was barred by the statute of limitations. The court of appeals vacated the board's decision and held that the specific injury of 1962 should have been considered an integral part of the cumulative injury claim. Moreover, the court held that since the employee filed his claim for cumulative injury within the time allowable, that is, within one year from the date of disability, the statute of limitations did not bar his claim.

"The court's interpretation of the specific injury in *DeLuna* has a two-fold effect: First, by holding that the specific injury of 1962 was an integral part of the cumulative injury, the court allowed litigation on a claim which would have been barred by the statute of limitations; second, by holding that the 1962 claim was not barred, the court allowed the claimant, upon rehearing, the possibility of recovering compensation above that which he would have received, had only the cumulative injury been litigated. The very essence of the *DeLuna* holding is that the court has allowed the specific injury of 1962 to be merged into the cumulative injury of 1966—a result emphatically rejected by the supreme court in *Dow Chemical.*

"[Again, in *Miller* v. WCAB . . . . the] court employed the *Beveridge* principle in finding that the claimant suffered a cumulative injury, and also relied on *Dow Chemical* in determining that the claimant suffered a cumulative injury commencing on September 19, 1957. To support the latter conclusion, the court relied on the following language in *Dow Chemical:* 'If the board is permitted to carve up the cumulative injury into segments the results would be unfair.' The *Dow Chemical* court did not use this argument for the premise that a specific injury should be considered one of many exacerbations causing a cumulative injury. That court clearly stated that '[a]ny injury which in itself produces a definable disability should not be submerged into a series of injuries with an award granted for repetitive trauma.' Here the injury of 1957 was a definable disability since both the appeals board and the court recognized it as such.

"Consequently, it seems that the court in *Miller* misunderstood the language of *Dow Chemical.* More significant is the fact that the supreme court seems satisfied with this interpretation of *Dow Chemical,* since it denied hearing the *Miller* case."

and *Miller* and the erroneous holding in the Court of Appeal decision in *Fruehauf* that "[i]n [cumulative injury cases] the date of the employee's knowledge that the disability was caused by his present or prior employment is not the controlling factor that it is in cases of occupational disease."

The conclusions which we have here reached make clear the intention of the Legislature to provide: (1) for the disabled workman whose disability is occupationally produced (or aggravated), recovery under the scheme of workmen's compensation; (2) that the right of recovery stems from what the code designates as an "injury"; (3) that the injured employee must file a claim for his injury; (4) that in the case of a "specific," single incident or exposure (the result of which necessarily is disability or need for medical treatment), the period within which he must file is one year from the date of *that* single incident or exposure; (5) in all other occupation-connected "injuries" which must have necessarily culminated in a recognized symptomatic state as the result of more than one traumatic activity extending over a period of time and termed "cumulative," the employee must file within one year after disability therefrom and when he knew, or in the exercise of reasonable diligence should have known, that the disability was occupationally connected. With these principles in mind, where, under section 4750, an employee who is suffering from a prior permanent disability or physical impairment sustains permanent injury thereafter, the employer shall not be liable for the combined disability, but for only that portion due to the later injury, as though no prior disability or impairment had existed. Under section 5303,[9] the injured employee must file his claim for each separate injury, whether "specific" or "cumulative" within the statutory period provided by either section 5411 or section 5412, as applicable. Under section 5303 as amended, no merging of "injuries" is permissible. It prohibits the avoidance of the effect of sections 4750 and 5303 and necessitates that action be taken by the employee within the time limitations provided, whether the "injury" be "specific" or "cumulative."

---

[9]Section 5303: "There is but one cause of action for each injury coming within the provisions of this division. All claims brought for medical expense, disability payments, death benefits, burial expense, liens, or any other matter arising out of such injury may, in the discretion of the appeals board, be joined in the same proceeding at any time; provided, however, that no injury, whether specified or cumulative, shall, for any purpose whatsoever, merge into or form a part of another injury; nor shall any award based on a cumulative injury include disability caused by any specific injury or by any other cumulative injury causing or contributing to the existing disability, need for medical treatment or death."

(But see *Brown* v. *Workmen's Comp. Appeals Bd.*, 20 Cal.App.3d 903 [98 Cal. Rptr. 96] for effect upon disabilities existent prior to the effective date of this section.)

We have considered each of the other contentions of the parties and conclude that in the light of the conclusion we have reached from the above analysis, those contentions need not be answered.

The order is reversed, and the cause is remanded to the board for further proceedings consistent with the views expressed in this opinion.

Kaus. P. J., and Cole, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.