[No. B169211. Second Dist., Div. Four. June 24, 2004.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CALIFORNIA
INSURANCE GUARANTEE ASSOCIATION, Respondents.

**COUNSEL**

Richard A. Krimen, Robert W. Daneri and Don E. Clark for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Griffin & Griffin, Sybil R. Zanger; Guilford Steiner Sarvas & Carbonara and Richard E. Guilford for Respondent California Insurance Guarantee Association.

**OPINION**

**EPSTEIN, Acting P. J.**—State Compensation Insurance Fund (State Fund) seeks review of an order of the Workers' Compensation Appeals Board (the

Board). The order denied the State Fund's petition for reconsideration and, instead, affirmed an award in favor of Monica Rodarte finding the date of cumulative trauma injury was the first day of compensable temporary disability and placing all liability on State Fund pursuant to Labor Code section 5500.5.[1] State Fund contends the legal date of injury was some 11 months before, when her treating physician prescribed a splint and she returned to modified work duties. The Board's opinion masks the true issue, which is whether permanent disability can satisfy section 5412.[2] We hold that it can. We shall annul the Board's order and remand for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL SUMMARY[3]

The facts are undisputed. Monica Rodarte sustained work-related carpal tunnel and tendinitis in her right upper extremity while employed as an assembler at a sound equipment manufacturing plant from 1995 through August 8, 1998. Although she worked continuously at one company, Acoustic Authority, she was actually employed by two different temporary placement agencies—Apple One for the period April 1995 to February 28, 1998, and Temptrak for the period March 1, 1998 to August 7, 1998. Apple One's insurer is in liquidation and the claims are administered by California Insurance Guarantee Association (CIGA). Temptrak was covered by State Fund.

Rodarte obtained medical care consisting of antiinflammatory medication, a wrist splint/brace and physical therapy beginning October 3, 1997. The treating physician permitted her to return to modified work. Rodarte filed a claim for benefits in October 1997.

Acoustic Authority's supervisors accommodated Rodarte's injury and she continued working in modified positions at full salary, but without the

---

[1] Section 5500.5, subdivision (a) provides that liability for occupational disease or cumulative injury claims shall be limited to those employers who employed the employee during the period of one year "immediately preceding either the date of injury, as determined pursuant to Section 5412, or the last date on which the employee was employed in an occupation exposing him or her to the hazards of the occupational disease or cumulative injury, whichever occurs first."

All further statutory references are to the Labor Code unless otherwise noted.

[2] Section 5412 provides that "[t]he date of injury in cases of occupational diseases or cumulative injuries is that date upon which the employee first suffered disability therefrom and either knew, or in the exercise of reasonable diligence should have known, that such disability was caused by his present or prior employment."

[3] The Board's record of proceedings was destroyed in accordance with California Code of Regulations, title 8, section 10758, which permits destruction of files more than five years from the filing of the case-opening document. The parties have agreed that the exhibits attached to the briefs filed with the court substantially recreate the record and that we may render our decision based on those exhibits.

manager's knowledge of her injury. On August 7, 1998, when the manager discovered Rodarte's injury, she was terminated because she could not do the job for which she was hired.[4] Rodarte testified that she would have continued working had she not been terminated.

Rodarte underwent surgery. She was considered permanent and stationary by an agreed medical evaluator as of May 31, 2000. The agreed medical evaluator found a single continuous trauma during the entire employment period, from April 4, 1995 until Rodarte stopped working in August 1998.

The workers' compensation judge found the date of injury to be August 7, 1997 to August 7, 1998 (the year preceding her termination) and that Rodarte had a permanent disability rating of 27 percent. CIGA was dismissed and State Fund was ordered to pay the entire award.[5] The judge ruled that filing the claim established the requisite knowledge for section 5412.

State Fund petitioned for reconsideration, contending the date of injury was incorrect. It pointed out that Rodarte had filed a claim form in October 1997, when she received splints and was placed on modified duty. Thus, State Fund asserts that in October 1997 disability and knowledge of work-relatedness coincided. Therefore, State Fund contends, pursuant to sections 5412 and 5500.5, the correct date of injury should be October 1996 to October 1997. That entire period precedes State Fund's coverage and falls wholly during CIGA's coverage.

The Board disagreed, holding that "disability" means compensable temporary disability; that is, time lost from work, citing *County of Los Angeles v. Workers' Comp. Appeals Bd. (Gregg)* (1982) 47 Cal.Comp.Cases 1215 and *Christians v. California Cas. Indem. Exch.* (1975) 3 Cal. Workers' Comp. Rptr. 114. On that basis, the Board concluded that Rodarte was not temporarily disabled until after she left employment on August 7, 1998.

██ Section 5405 provides that proceedings for benefits must commence within one year of the date of injury. Cases interpreting section 5412 for statute of limitations purposes hold that the date of injury is the date upon which employment activities cause *compensable* disability, and the statute of limitations does not begin to run until the last day of employment exposure to such activities, or the compensable disability caused by such activities, whichever is later. (§ 5412; *Hooker v. Workmen's Comp. Appeals Bd.* (1974) 36 Cal.App.3d 698, 706 [111 Cal.Rptr. 766]; *Beveridge v. Industrial Acc.*

---

[4] No issues regarding the termination are raised on this review.

[5] Even though CIGA covered some of the period, it was relieved of liability on the ground that this is a single cumulative injury and there is other insurance available. (Ins. Code, § 1063.1, subd. (c)(9); *Industrial Indemnity Co. v. Workers' Comp. Appeals Bd. (Garcia)* (1997) 60 Cal.App.4th 548 [70 Cal.Rptr.2d 295].)

*Com.* (1959) 175 Cal.App.2d 592 [346 P.2d 545]; *Ferguson v. City of Oxnard* (1970) 35 Cal.Comp.Cases 452 (en banc).) ■ Although there is no compensable temporary disability until the worker suffers wage loss (*Herrera v. Workmen's Comp. App. Bd. (Goleta Lemon Assn.)* (1969) 71 Cal.2d 254, 257 [78 Cal.Rptr. 497, 455 P.2d 425]), wage loss is not required for an injured worker to be entitled to permanent disability compensation. (See *Dept. of Motor Vehicles v. Indus. Acc. Com. (Dinan)* (1939) 14 Cal.2d 189 [93 P.2d 131]; see *Smith v. Industrial Acc. Com.* (1955) 44 Cal.2d 364, 367 [282 P.2d 64].)

## DISCUSSION

■ Since the facts are not in dispute, the question is one of law and the standard of review is de novo. (*Reinert v. Industrial Acc. Com.* (1956) 46 Cal.2d 349, 358 [294 P.2d 713].)

Relying on *Chavira v. Workers' Comp. Appeals Bd.* (1991) 235 Cal.App.3d 463, 474 [286 Cal.Rptr. 600], State Fund argues that disability is not limited to temporary disability but includes permanent disability and does not require time lost from work. Alternatively, State Fund contends that if lost time is required, modified work accommodating the injury should be considered sufficient disability because Rodarte would have been entitled to temporary disability compensation if she had not been given the opportunity to accommodate her injury by modifying her work duties.

CIGA argues that *Chavira* is distinguishable because it does not consider the definition of disability in section 5412. Instead, this case concerns the deficiency in the definition of permanent disability in the California Code of Regulations provision that governs progressive occupational diseases such as asbestosis. It does not concern cumulative trauma injuries.

At oral argument, CIGA's attorney asserted that Rodarte did not have knowledge of disability as required by section 5412. The workers' compensation judge found the knowledge requirement was satisfied when Rodarte filed the claim. Furthermore, CIGA conceded in its answer to the petition that Rodarte knew the injury was work related. There is no requirement that the degree of disability be known. The point is a moot issue in this case.

## I

■ Disability includes both temporary disability and permanent disability. (*Chavira v. Workers' Comp. Appeals Bd., supra,* 235 Cal.App.3d at p. 474; see also *J. T. Thorp, Inc. v. Workers' Comp. Appeals Bd.* (1984) 153 Cal.App.3d 327 [200 Cal.Rptr. 219].) "If 'disability' were construed as

meaning only temporary disability, an employee who knew he [or she] had permanent disability could indefinitely delay in filing his [or her] application for workers' compensation benefits. We do not believe the Legislature intended such a result." (*Chavira, supra,* at p. 474.)

*Chavira* also discussed the regulatory definition of ratable subjective permanent disability. (*Chavira v. Workmen's Comp. Appeals Bd., supra,* 235 Cal.App.3d at p. 475.) The court held that a physician's description that the employee had *mild* restrictive ventilatory defect was not *ratable* permanent disability.[6] Consequently, there was no compensable permanent disability sufficient for section 5412. The primary concern of the court was the definition of "disability" as used in section 5412. Ratable permanent disability meets the requirement. Although the injury in *Chavira* was a progressive occupational disease, the same reasoning applies to cumulative injury. (*Chavez v. Workmen's Comp. Appeals Bd.* (1973) 31 Cal.App.3d 5 [106 Cal.Rptr. 853].)

## II

Some Board decisions have based the date of injury under section 5412 on compensable permanent disability. But on occasion, the Board has expressed the view that only temporary disability, that is compensable wage loss, would suffice. That was the position it expressed in this case. The Board's inconsistency is apparent in a series of decisions involving cumulative hearing loss, two of which are the very decisions relied on by the Board in this case: *Gregg* and *Christians* required lost time as a basis for finding compensable disability for the cumulative hearing loss injuries. But *Lackey v. Workers' Comp. Appeals Bd.* (1987) 52 Cal.Comp.Cases 350 and *Deaver v. Neilsen-Nickels Co.* (1988) 16 Cal. Workers' Comp. Rptr. 139, did not impose that requirement. In *Lackey* and *Deaver*, the Board held that gradual onset of hearing loss known to be an employment-related disability was sufficient to start the statute of limitations running, even though there is no lost time from work. In other words, *Gregg* and *Christians* required compensable temporary disability, but *Deaver* and *Lackey* did not, finding instead that permanent disability was sufficient.

---

[6] Thurber, Evalutaion of Industrial Disability (2d ed. 1960). (See Cal. Code Regs., tit. 8, §§ 9725, 9727.) Section 9727, subdivision 4 provides: "The terms shown below are presumed to mean the following: . . . [¶] 4. A *minimal* (mild) pain would constitute an annoyance, but causing no handicap in the performance of the particular activity, would be considered as nonratable permanent disability."

## III

When the issue is not simply application of section 5412 for statute of limitations purposes but rather apportionment of liability pursuant to section 5500.5, the Board has further confused the issue by apportioning liability based on when the right to file a claim accrues under section 3208.1, and ignoring the disability requirement of section 5412.[7] (See *American Bridge Co. v. Workers' Comp. Appeals Bd.* (1995) 60 Cal.Comp.Cases 869 [date of injury was when need for medical treatment arose]; and *Travelers Property Casualty v. Workers' Comp. Appeals Bd. (Wright)* (2000) 65 Cal.Comp.Cases 884 [finding need for treatment constituted cumulative injury, citing section 3208.1].)

But on facts similar to those in the present case, in *Allianz Ins. Group v. Workers' Comp. Appeals Bd. (Hinojosa)* (1994) 64 Cal.Comp.Cases 83, the Board found a date of injury based on permanent disability to have occurred when the injured worker sought medical treatment for carpal tunnel syndrome and was supplied with wrist splints to wear at work. The Board noted that the employee had suffered from the condition for one and one-half years without missing any work time. It cited *Zenith Ins. Co. v. Workers' Comp. Appeals Bd.* (1998) 63 Cal.Comp.Cases 495, which recorded a similar result citing *Chavira.*

We conclude that the date of injury under section 5500.5 requires compensable temporary disability *or* permanent disability.

## IV

Because actual wage loss is required for temporary disability, modified work alone is not a sufficient basis for compensable *temporary* disability. But, a modification may indicate a *permanent* impairment of earning capacity, especially if the worker is never able to return to the original job duties. (See *Allianz Ins. Group v. Workers' Comp. Appeals Bd., supra,* 64 Cal.Comp.Cases 83; see also *Zenith Ins. Co. v. Workers' Comp. Appeals Bd., supra,* 63 Cal.Comp.Cases 495.)

## V

In summary, we conclude that either compensable temporary disability or permanent disability is required to satisfy section 5412. Medical

---

[7] A distinction is drawn between the time that the right to file a claim accrues and the time when it is barred. Under section 3208.1, *any* disability or need for medical treatment may give rise to a separate cumulative injury for which an applicant may file a claim, but the statute of limitations does not commence to run upon such an injury until *compensable* disability has occurred. (*Hooker v. Workmens Comp. Appeals Bd., supra,* 36 Cal.App.3d at p. 706.)

treatment alone is not disability, but it may be evidence of compensable permanent disability, as may a need for splints and modified work. These are questions for the trier of fact to determine and may require expert medical opinion.

Here, the agreed medical evaluator did not address whether permanent disability existed prior to the last date of employment. He should be given the opportunity to do so on remand.

## DISPOSITION

We annul the Board's order and remand for further proceedings consistent with this opinion.

Hastings, J., and Curry, J., concurred.

On July 20, 2004, the opinion was modified to read as printed above.